## CONN v. KOHLEMANN et al.

### No. 1803.

District Court, E. D. Pennsylvania.

Aug. 4, 1942.

Vandeveer & Haggerty, of Detroit, Mich., for plaintiff.

O'Hara, Montgomery & Amberson, of Detroit, Mich., for defendants Holcomb.

Knight & Panzer, of Detroit, Mich., and Linsey, Shivel, Phelps & Vander Wal, of Grand Rapids, Mich., for garnishee defendant.

Jacob I. Weinstein, of Philadelphia, Pa., for plaintiff.

E. Leroy Van Roden, of Media, Pa., for defendants.

GANEY, District Judge.

This is an action by the plaintiff as Trustee in Bankruptcy to set aside and recover certain alleged fraudulent transfers by the bankrupt to the defendants. The complaint sets forth the transfers made by the bankrupt to the defendants, amongst which are certain sums of money alleged to have been placed in a joint bank account, which was used by the defendants in the reduction of the principle amount of a mortgage held against the premises owned by them as tenants by entireties at No. 299 Glentay Road, Lansdowne. The plaintiff in his bill of complaint prays for relief, that judgment be entered in favor of the plaintiff, that all of the transfers are fraudulent against the creditors of the bankrupt; that each of the said transfers be declared null and void; that the defendant, Leopoldine Kohlemann, be directed to pay over and deliver to the plaintiff money in the amount of Five Thousand Six Hundred Fifty-Nine and 12/100 Dollars ($5,659.12) and chattels or the fair value of the same amounting to Two Thousand Four Hundred Fifty-Two Dollars ($2,452.00); that to the extent that the monies transferred by the bankrupt to the defendant, Leopoldine Kohlemann, have been converted in any manner, in other form of property, that they be impressed with a trust in favor of the plaintiff; and finally that the defendants be restrained until final determination of this suit and perpetually thereafter from selling, conveying, transferring, mortgaging, pledging or otherwise disposing of any of the right, title or interest of either of the defendants in the aforesaid premises, No. 299 Glentay Road, Lansdowne.

To this bill of complaint separate and identical answers were filed by each of the defendants and to defendants answers to Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 26, 27 and 28, the plaintiff asks for a more definite statement and bill of particulars which is one of the two motions here to be disposed of and which will be taken up first.

After careful consideration of the averments made in the plaintiff's bill of complaint, and the answers thereto, concerning them, which are the subject of the plaintiff's motion, I am of the opinion that the answers made thereto are sufficient and in every wise constitute good pleading in conformity with the new federal rules, 28 U.S.C.A. following section 723c. The answers of the defendants to Paragraphs 7 to 15, inclusive, admit in almost every instance the alleged transfers of the bankrupt to them, but deny the amount or fair value which the plaintiff avers. These answers in every instance raise an issue which can properly be determined by a jury. It is the province of the plaintiff to prove the value of the articles allegedly transferred and it is not the duty of the defendants to come forward and tell what the value thereof is, since for instance in the matter of certain of the wearing apparel allegedly transferred, there can be no defi-

nite criterion by which their value can be absolutely arrived at and it is accordingly the province of the plaintiff to prove what their value is to a jury.

■ With respect to Paragraph 17, the plaintiff alleges the bankrupt was insolvent, and that each of the transfers made by him to the defendants were without a fair consideration; in answer thereto there is a denial by the defendants and a further averment that if they be material, proof thereof is demanded at the trial. This is a sufficient answer and there is no need for greater particularity with respect thereto.

■ Paragraphs 26, 27 and 28 should be considered together and while the answers thereto may be loosely drawn, there is sufficient denial by the defendants to raise an issue and to advise the plaintiff of the nature of the defendants' defense. Accordingly, the plaintiff's motion for a more definite statement and for a bill of particulars is denied.

■ The defendants in filing their answers ask in accordance with Rule 38 for a trial by jury of the issues here involved and the plaintiff filed thereto a motion to strike off this motion for allowance of a jury trial. The question thus posed is whether or not the defendants are entitled to a trial by jury. While it has been held by the court many times since the adoption of Federal Rules of Civil Procedure that while they have abolished any distinction in procedure between law and equity, they have not abolished the distinction between legal and equitable remedies. In other words, Rule 38 preserves the right to a jury trial as declared by the Seventh Amendment. Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 39. Therefore, it is of the essence, in determining whether or not a jury trial should be granted to defendants, to make inquiry as to what the plaintiff's bill of complaint seeks and whether it is in its nature either equitable or legal. As stated by the Supreme Court: "The question whether remedy must be by action at law or may be pursued in equity notwithstanding objection by defend-

ant depends upon the facts stated in the bill". Schoenthal v. Irving Trust Co., 287 U.S. 92, 95, 53 S.Ct. 50, 51, 77 L.Ed. 185. There was for a long time in the lower federal courts a question as to whether suits by Trustee in Bankruptcy to recover the value of property transferred in fraud of creditors was one cognizable in equity or law. However, in this circuit it has been held where money judgments alone are sought no basis for equitable relief is shown. Lewinson v. Hobart Service Trust Co., 3 Cir., 49 F.2d 356, 358. In the instant case while there is asked a judgment for money damages, there is also intermingled in the plaintiff's prayer for relief a suggestion that the articles alleged to have been transferred to the defendants and which the defendants admitted receiving—though not the amounts which the plaintiff states—have been converted into other forms of property, and in order to make recovery thereof, it is necessary that they be impressed with a trust in favor of the plaintiff. Furthermore, injunctive relief is asked in the plaintiff's bill to prevent the defendants from selling, mortgaging or otherwise interfering with certain real estate. Where, as here, the bill, in addition to seeking a money judgment, asks for additional equitable relief, the cases appear to hold that they are properly before a court of equity for disposition. Williams v. Collier, D.C., 32 F.Supp. 321.

■ I think a fair examination of the pleadings will disclose the possibility that the money judgment asked for might possibly be involved with the equitable relief asked for, which alone is sufficient to bring the case on the equity side of the court, for the authorities show that where any equitable relief is sought in addition to money judgments, a cause of action for equitable relief is stated. Frederick v. Surloff, D.C., 4 F.2d 589; Gray v. Beck, D.C., 6 F. 595.

By reason of the foregoing the plaintiff's motion to strike off defendants' demand for jury trial should be granted and the case assigned for trial by the court.