GRAY, Surviving Assignee, etc., *v.* BECK and another.

*(District Court, D. New Jersey.* April 11, 1881.)

1. EQUITABLE RELIEF—JURISDICTION—ASSIGNEES IN BANKRUPTCY.

A bill in equity by assignees in bankruptcy to recover the value of personal property transferred to the defendant by the bankrupt, in fraud of his creditors, will be dismissed for want of jurisdiction; the complainant has a plain, adequate, and complete remedy at law.

2. SAME—SAME—FINAL HEARING.

A bill will be dismissed for lack of equity, although the point is made for the first time when the cause comes before the court for final hearing on the pleadings and proof.

3. COSTS.

But inasmuch as the defendant is in fault for not raising the objection in the pleadings, the bill will be dismissed without costs to the defendant.

In Equity.

*Nelson Smith,* for complainant.

*M. T. Newbold,* for defendant Beck.

NIXON, D. J. This suit was originally commenced by William M. Gray and Alexander H. Wallis, assignees in bankruptcy of John Werder, against Joseph B. Beck and Werder, to recover the sum of $2,000, and also for the value of a barrel of wine, alleged to have been transferred to the said Beck by the bankrupt, after the proceedings in bankruptcy had begun, in fraud of his creditors. Pending the proceedings, Wallis, one of the assignees, died, and the suit has been revived and continued in the name of the surviving assignee. A decree *pro confesso* was taken against the defendant Werder for not appearing and answering, and the other defendant, Beck, filed an answer to the bill of com-

plaint, denying that he received the sum of $2,000, or any other sum of money, from the bankrupt in fraud of his creditors, or for any other purpose; and, after acknowledging the receipt of a barrel of wine, alleging the same was sent to him by Werder as pay or offset for certain short weights in flour that he had purchased of Werder, and not for any other intent or purpose.

A large amount of testimony was taken by the respective parties, and when the cause came before the court for hearing on the pleadings and proofs, the counsel for the defendant suggested that the bill, answer, and testimony disclosed a clear case for proceedings at law, and that this court, in equity, had no jurisdiction over it. Courts listen with great reluctance to such suggestions on the final hearing, where the defendant has not thought proper to raise the objection by demurrer, or in the answer. They regard the forms of proceeding as handmaids, to be used for obtaining rather than for obstructing the rights of the litigants, and frequently decline to consider questions touching the mere form of the remedy which are not brought to their attention until after expense has been incurred in taking the testimony in the cause. *Underhill* v. *Van Cortland,* 2 John. Ch. 339.

But, notwithstanding this, the question raised is always treated in the courts of the United States as jurisdictional, and must be entertained, whenever urged, because no consent of parties, however expressed or inferred, can give jurisdiction to the court where the law does not give it. The equitable jurisdiction of these courts is limited. It cannot be invoked or sustained in any case "where a plain, adequate, and complete remedy may be had at law." Such are the express provisions of the statute, (Rev. St. § 723;) and the refusal of the court to give them effect is a denial to the adverse party of his constitutional right of the trial of the issues of fact by a jury. *Hipp* v. *Baden,* 19 How. 278.

Does the bill disclose a case in which the complainant has not a complete remedy at law? It is filed by assignees in bankruptcy to recover the value of personal property which it

is alleged the bankrupt gave to the defendant to place it for his own use beyond the reach of creditors. It was doubtless a fraudulent act, if committed, but courts of law have a concurrent jurisdiction with courts of equity in many matters of fraud; and, in all cases where concurrent jurisdiction exists, the party seeking relief must come into the courts of law if he has a plain, adequate, and complete remedy for the wrong complained of. After the expense and delay to which the parties have been subjected in the suit, I have endeavored to find some tenable ground upon which I could stand and retain the case for adjudication, but have failed in the effort. The prayer of the bill is that the defendant Beck may be decreed to pay to the complainants the sum of $2,000, which the bankrupt put into his hands to conceal from his creditors, and the further sum of $54 for the barrel of wine deposited with him for a like purpose,—a naked legal demand for the payment of money wrongfully appropriated and withheld,— and for the value of personal chattels fraudulently transferred. There are no features or aspects of the case which would seem to authorize or justify an equitable action. The complainants have not even the excuse of seeking a discovery of anything, for they expressly waive an answer under oath.

I am, therefore, constrained to dismiss the bill for want of jurisdiction in equity; but inasmuch as the defendant is in fault for not raising the objection in the pleadings, it is dismissed without costs to the defendant.

NOTE. See *Sill* v. *Solberg, ante,* 468.