### SESSLER v. NEMCOF.

(District Court, E. D. Pennsylvania. December 9, 1910.)

#### No. 2.

1. BANKRUPTCY (§ 11*)—EQUITY JURISDICTION OF COURTS OF BANKRUPTCY—TESTS OF JURISDICTION.

Whatever equitable jurisdiction is conferred upon the District Court by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418) and amendment (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1308]), is confined to controversies relating to a bankrupt estate, and within this limited area whether or not a bill in equity may be maintained must be tested by the ordinary rules that govern bills before any other tribunal, and perhaps the most familiar test is to inquire whether the complainant has an adequate remedy at law.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 11.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. BANKRUPTCY (§ 287*)—REMEDY OF TRUSTEE — JURISDICTION — ADEQUATE REMEDY AT LAW.

A bill in equity by a trustee in bankruptcy setting up three causes of action: One based on the alleged conversion by defendant to his own use of money intrusted to him by the bankrupt to pay notes of the bankrupt; another on the alleged theft or unlawful conversion of property of the bankrupt; and the third on the alleged sale of goods by the bankrupt to defendant with intent to defraud creditors and payment of the price to the bankrupt after his bankruptcy, but which does not allege that any of the money or property remained in defendant's possession, does not state a cause cognizable in equity, complainant having an ade-

quate remedy by an action at law for a money judgment, embracing all of his claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 444-447; Dec. Dig. § 287.*]

In Equity. Suit by Irwin L. Sessler, trustee in bankruptcy of Herman Granich, against Charles Nemcof. On demurrer to bill. Demurrer sustained.

Clinton O. Mayer and Emanuel Furth, for complainant.
David Serber and Henry J. Scott, for respondent.

J. B. McPHERSON, District Judge. As it seems to me, the three injuries complained of in this bill may be completely redressed in a single suit at law.

The petition in bankruptcy was filed on October 29, 1907, and the bill charges, first, that the bankrupt "prior to October 22, 1907"— but how long prior is not specified—intrusted the defendant with $8,000 to be used in paying the bankrupt's notes held by two banks in the city of Philadelphia. This money the defendant, "with intent to cheat and defraud said banks and the said Herman Granich, * * * appropriated * * * to his own uses and purposes. * * *" The bill does not aver when the misappropriation took place, nor that the defendant still has the money. Indeed, if he has applied it to his own use, this fact of itself negatives the idea that he can still be holding it as the bankrupt's hand, or for the bankrupt's benefit. In a word the charge is embezzlement, and this offense in its civil aspect can be adequately redressed by a suit to recover the money.

The second charge is thus set out:

"That in further pursuance of the plans of the said Herman Granich to hinder, delay and defraud his creditors, he concocted a plan with the said respondent whereby he stored large quantities of merchandise in various storehouses in the city of Philadelphia, said goods being stored at the instigation of and by the arrangements perfected by the said respondent. That the goods were conveyed by a teamster, Isaac Black, selected by the said respondent, and were contained in thirteen cases, which were distributed and stored by direction of the said respondent as follows:

"Osborne Storage House, Thirty-Sixth and Market streets, one case.

"Cassidy's Storage House, Fifty-Seventh and Vine streets, three cases.

"Hildebrand's Storage House, Broad and Cumberland streets, two cases.

"A storage house at Fortieth and Woodland avenue, seven cases.

"Complainant is informed, and therefore avers, that the said cases contained valuable pieces of cloth and woolens when delivered by the said Herman Granich to the said teamster, but the said respondent contrary to the arrangements made by him with the said Herman Granich replaced the said cases with other cloth and woolens ,less valuable, and containing straw and remnants, and appropriated the original cloth and woolens to his own use.

"Complainant is informed and believes, and therefore avers, that the value of said goods so taken by the said respondent is approximately $12,000."

Whether the defendant still has the goods does not appear from the bill. Neither does it appear when the foregoing acts were done, nor what the "plan" was, nor the "arrangements" between the defendant and the bankrupt. The averment is that the defendant of his own motion, and for his own profit, substituted inferior or worthless ar-

ticles for valuable cloth and woolens, and appropriated these goods to his own use. This act was either theft or an unlawful conversion, and can be redressed civilly by suing to recover the value of the goods.

The third charge is this:

"That prior to the time the said Herman Granich fled the jurisdiction he had had many commercial transactions with the said respondent, and said respondent was then indebted to him in the sum of $12,518.89 for goods received from the said Herman Granich up to one week previous to the failure. That within said week the respondent received further large quantities of merchandise, all of which were sold at about half their market value, from the said Herman Granich, and, while the value of the same was placed at different figures by the two parties, it was finally agreed between them at $6,-550, making a total owing to the said Herman Granich by the respondent of $19,068.89.

"It was agreed between the respondent and the said Herman Granich that no record should be made of said indebtedness in the books of the said Herman Granich, except that notes and a second mortgage (not recorded) on property of the said respondent in St. Louis, for part of said indebtedness, were intrusted by respondent and the said Herman Granich to Samuel J. Gottesfeld, attorney for the said Herman Granich, that the amount thereof might be collected by the said Herman Granich, notwithstanding his insolvency and contemplated absconding, and thereafter, in March. 1908. long after the said Herman Granich had been adjudicated a bankrupt, the said respondent, at Elizabeth, N. J., unlawfully paid part of said indebtedness to the said Herman Granich, and the said Herman Granich caused his attorney to deliver to the respondent said notes and mortgage, all with intent to cheat and defraud the creditors of the said Herman Granich."

In other words, when the petition was filed, the defendant was indebted to the bankrupt for goods sold, and afterwards paid him money that ought to have been paid to the trustee. If this be true, the trustee's right to the money has not been affected by the unlawful payment, and he may still recover at law all that the defendant owed when the bankruptcy proceedings were begun.

The prayers of the bill are all directed toward a money decree:

"(1) That the respondent be directed to account for all sums of money, goods, and merchandise received by him belonging to the said Herman Granich at the time of the filing of the petition in bankruptcy, and that the respondent be directed to pay over said amount, and transfer said goods, or the value thereof, to the complainant, and upon his refusal be decreed to be in contempt of this honorable court.

"(2) That the respondent be directed to account to the plaintiff for any and all indebtedness owing by the respondent as aforesaid to the said Herman Granich at the time of the filing of the petition in bankruptcy against the said Herman Granich, and part of which was subsequently unlawfully paid to or for the said Herman Granich, and, upon his refusal so to do, that respondent be decreed to be in contempt of this honorable court.

"(3) That a decree be entered against the respondent for any and all sums received by him from the said Herman Granich, or any indebtedness of respondent at the time of the filing of the petition in bankruptcy against the said Herman Granich, or retained to his own use and paid for the benefit of the said Herman Granich to any other person than complainant."

I see no occasion to discuss any other question that is presented by the briefs. If the trustee has an adequate remedy at law, a bill in equity cannot be maintained in this or in any other court. Whatever equitable jurisdiction may have been conferred upon the District Court by the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) and the amendment thereto (Act Feb. 5,

1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1308]), it is confined to controversies relating to a bankrupt estate. Within this limited area whether or not a bill in equity may be maintained must be tested by the ordinary rules that govern bills before any other tribunal, and perhaps the most familiar test is to inquire whether the plaintiff has an adequate remedy at law.

A decree may be entered dismissing the bill.