## FREDERICK v. SURLOFF et al.

(District Court, W. D. Pennsylvania. September, 1924.)

No. 395.

Bankruptcy ⬥299, 302(1)---Bill by trustee in bankruptcy against defendants, charged with conspiracy to conceal assets, held to state grounds for equitable relief.

A bill by a trustee in bankruptcy, alleging a conspiracy between defendants and bankrupt to conceal his assets, that pursuant to such conspiracy defendants received portions of such assets, and which seeks discovery, an injunction to restrain defendants from disposing of assets in their possession, and prays an accounting, *held* to state a cause of action for equitable relief, and defendants *held* properly joined.

In Equity. Suit by Elliott Frederick, trustee in bankruptcy of Jacob Surloff, against Isaac Surloff and others. On motions to dismiss bill. Denied.

Abraham Seder, of Pittsburgh, Pa., for plaintiff.

McCreery & Wolf, Lowrie C. Barton, Morris G. Levy, and Simon Sher, all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge. The plaintiff in the instant matter has filed a bill in equity against the defendants, wherein he has alleged a conspiracy on the part of each of the defendants with Jacob Surloff, the bankrupt, to conceal the assets of said Jacob Surloff from his trustee in bankruptcy. It is set forth in the bill that the conspiracy was completed, and that considerable quantities of the moneys and goods of Jacob Surloff were fraudulently turned over to each of the defendants named in the bill.

In his prayer for relief the receiver asks, first, a subpoena upon each of the defendants to appear and answer the allegations of the bill; second, discovery by each of the defendants as to the matters set forth in the bill; third, that the defendants be required to "disclose where the proceeds of the sale of said merchandise now are, in what form they now are, and to fully identify the same"; fourth, that all the proceeds of the sale of said merchandise in the hands of the defendants, in whatsoever form, be impressed with the trust in favor of the plaintiff; fifth, that the defendants be directed to account for the loss and damage sustained by the estate of the bankrupt by reason of their unlawful conspiracy; and, sixth, that defendant be enjoined from transferring or selling any of the property belonging to the estate of the bankrupt.

The defendants, Bennie Block, Isaac Surloff, Harry Surloff, and Isaac Coltin, have each filed a motion to dismiss the bill. Isaac Coltin has subsequently withdrawn said motion and answer, so that we are called upon to consider the motion of the other three defendants named.

The motions of Isaac Surloff and Bennie Block are identical. Each sets forth that the bill should be dismissed, "first, because there is insufficiency of fact to constitute a valid cause of action in equity against this defendant; second, because plaintiff has an adequate remedy at law."

The motion of Harry Surloff prays the dismissal of the bill for the following reasons:

"First. That the court had no jurisdiction under any of the provisions of the Bankruptcy Act to entertain the bill.

"Second. Said bill is vague, indefinite, and inartistic, alleging no equitable cause of action against said Harry Surloff.

"Third. The bill joins several causes of action against several defendants, does not show (a) that the liability asserted is against all of the defendants jointly; (b) sufficient grounds for uniting the several causes of action.

"Fourth. The bill shows on its face that the cause of action against said Harry Surloff, if any, is several.

"Fifth. The bill does not disclose any cause of action specifically against said Harry Surloff.

"Sixth. That complainant has a full and adequate remedy under the bankruptcy laws.

"Seventh. That complainant has a full and adequate remedy at law.

"Eighth. That the effect of said bill is to deprive said Harry Surloff of his constitutional right of a trial by a jury."

A consideration of the bill in the instant case leads us to the opinion that it must be sustained, and the motions to dismiss must be denied.

It was contended by the defendants upon argument of the motions that the bill simply demands a money judgment and that therefore the plaintiff had a full and adequate remedy at law. An examination of the cases relating to the recovery of preferences and goods and moneys fraudulently concealed will disclose varying decisions by different courts. Some courts have held in such cases, even where only a money judgment was sought, that a court of equity had jurisdiction. Other courts have held that where only a money judgment was sought, even though fraud existed, there was an adequate remedy at law and a bill in equity could not be maintained. Among the latter class of cases the leading one is Warmath v. O'Daniel (C. C. A. 6th Cir.) 20 Am. Bankr. Rep. 101, 159 F. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414. Cases illustrating the contrary doctrine are Parker v. Black (C. C. A. 2d Cir.) 18 Am. Bankr. Rep. 15, 151 F. 18, 80 C. C. A. 484, and Parker v. Sherman (C. C. A. 2d Cir.) 32 Am. Bankr. Rep. 393, 212 F. 917, 129 C. C. A. 437.

In the instant case we are not called upon to adhere to either of the conflicting doctrines. The plaintiff in this case is not seeking merely a money judgment, but has asked for other relief which is obtainable only in a court of equity. He seeks, among other reliefs, that of discovery and injunction. In our opinion, his remedy at law would be by no means so full and complete as that which a court of equity might give him, and therefore the motion of Bennie Block and Isaac Surloff must be dismissed.

The motion of Harry Surloff sets forth no reason for the dismissal of the bill not contained in the motions of Bennie Block and Isaac Surloff, which requires our notice, other than his allegation of misjoinder. The bill alleges a common conspiracy and agreement on the part of defendants. The overt acts, the deliveries and receipts of the goods of the bankrupt, were not all performed by all of the defendants; but there is not necessity that all the defendants participate in the overt acts, in order that the defendants may be held responsible for the results of a conspiracy in which all did participate. The defendant Harry Surloff has been properly joined in this bill, even though nothing were sought from him other than discovery.

The motions to dismiss must be denied.