## WILLIAMS v. COLLIER et al.
### No. 606.

District Court, E. D. Pennsylvania.

March 28, 1940.

322

Wexler & Weisman, of Philadelphia, Pa., for plaintiff.

Gottlieb & Dennis, of Philadelphia, Pa., for defendants.

KALODNER, District Judge.

Plaintiff, a trustee in bankruptcy, brought suit against the defendants, alleging fraudulent acquisition and disposition of certain assets of the bankrupt estate.

The complaint demands (1) voiding of the transfer of the assets as fraudulent; (2) an accounting by the defendants; (3) judgment for the fair market value of the assets involved; (4) that the defendant Bertha Collier be declared a trustee ex maleficio and that all funds deposited in her name be declared funds belonging to the trustee and that she be restrained and enjoined from withdrawing them; (5) that defendants pay plaintiff's costs and attorneys' fees, and (6) "such other and further relief as is just".

Plaintiff filed a motion demanding a jury trial. Defendants moved to strike.

Whether or not plaintiff is entitled to a jury trial as "of right" is the question to be determined. The decision must rest upon a prior determination as to the nature of the complaint—is the action in its essence one at law or equity? If it is in law, the plaintiff is entitled to a jury trial; otherwise not.

It is first in order to consider the allegations of the complaint.

The allegations of the complaint, denied by the defendants' answer, are that in fraud of the bankrupt's creditors, the defendant Philip Collier purchased from the bankrupt, through an agent of the latter, large stocks of assorted furs and coats, at prices far below the existing market value thereof and at a time when the seller was insolvent; further, that the sales were not in the ordinary course of business but actually were part of a preconceived scheme to defraud the seller's creditors of which fact the defendants had actual or constructive notice. It is alleged, in addition, that Philip Collier immediately resold the goods to divers persons and firms at prices in excess of what he paid for them but still below their fair market value. With regard to the corporate defendant, Crawford's of Philadelphia, Inc., it is alleged that Philip Collier is president thereof and, together with his wife Bertha, another defendant herein, are the chief stockholders controlling the corporation. Further, plaintiff alleges that Philip Collier, in making the purchases mentioned previously, drew either from the bank account of the corporate defendant or that of his wife Bertha, and the proceeds from the resales were deposited in the latter's bank account, she being either the beneficiary of the profits of the fraudulent transactions or a straw party for either or both of the other defendants. Moreover, it is alleged with regard to these purchases that, in so doing, Collier assumed to act as the duly authorized agent of the corporate defendant which purportedly received the merchandise involved.

It is on the basis of these allegations that the plaintiff trustee prayed for the relief already stated.

Several of the Rules of Civil Procedure, 28 U.S.C.A. following section

723c, are pertinent to a discussion of the question under consideration.

The relevant provisions of these Rules are:

Rule 2: "There shall be one form of action to be known as 'civil action.'"

Rule 38(a): "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

(b): "Any party may demand a trial by jury of any issue triable of right by a jury * * *."

Rule 39(a): "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless * * * (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

■ The Rules of Civil Procedure have abolished the distinction in procedure between law and equity. The Rules have not abolished the distinction between legal and equitable remedies. They still remain.

As was stated by Judge Brewster in Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 39:

"To avoid constitutional complications, Rule 38 preserved those rights to a jury trial as declared by the Seventh Amendment, or as given by a statute of the United States. Inasmuch as this amendment applies only to suits at common law, a distinction will always need to be drawn between suits at law and suits in equity in order to determine whether one has a right, under the Constitution, to have the issues of the case determined by a jury.

"*The distinction between Law and Equity, abolished by the new rules, is a distinction in procedure and not a distinction between remedies. The distinction still remains between jury actions and non-jury actions; what was, before the adoption of the new rules, an action at law is a jury action, and what was a suit in equity falls into the category of a non-jury action.*" (Italics supplied.)

To the same effect, see 3 Moore's Federal Practice, p. 3009.

■ Thus, to determine the validity of plaintiff's demand, inquiry must be made into the status of the case had it arisen when the formal distinctions between an action at law and a suit in equity still existed.

■ For a long time there has existed, in the lower Federal courts, a conflict of authority as to whether a suit by a trustee in bankruptcy to recover the value of property transferred in fraud of creditors was one properly cognizable in equity or in law. For collections of cases, see Simpson v. Western Hardware & Metal Co., D.C., 227 F. 304, and Frederick v. Surloff, D.C., 4 F.2d 589, 590. In this Circuit, the view seems to have been adopted that where money judgment alone is sought, no basis for equitable relief is shown. See Sessler v. Nemcof, D.C., 183 F. 656, 657; Lewinson v. Hobart Service Trust Co., D.C., 49 F.2d 356, 358. In Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 51, 77 L.Ed. 185, with regard to a suit by a trustee to recover preferential payments of ascertained and definite amounts, the Supreme Court of the United States ruled that no basis for equitable relief was indicated. However, inasmuch as the instant action is not one for the recovery of a money judgment alone, little is to be derived from prolonging discussion on this point.

Where, in addition to seeking a money judgment, the bill of the trustee alleged facts calling for additional relief of an equitable nature, the decisions appear to be in agreement that the case properly was before a court of equity. Thus, in the Schoenthal case, supra, the court stated: "The bill discloses no facts that call for an accounting or other equitable relief."

In Buffum v. Barceloux Co., 1933, 289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140, in upholding a suit in equity brought by a trustee in bankruptcy to recover the value of shares fraudulently transferred, Justice Cardozo observed, 289 U.S. at page 235, 53 S.Ct. at page 542, 77 L.Ed. 1140: "There were entanglements that may have called for discovery and accounting, at least in possible contingencies."

However, the court did not labor on the point inasmuch as, by common consent, the suit was tried as one in equity. Other cases indicating that where the bill disclosed a right to an accounting,

the suit was properly brought in equity, are: Kemp-Booth Co. v. Calvin, 9 Cir., 84 F.2d 377, 380; Prudential Ins. Co. v. Nelson, 6 Cir., 96 F.2d 487, 488. Similarly, if the trustee seeks, in addition to a money judgment, discovery or an injunction restraining the defendant from disposing of assets in his possession, a cause of action for equitable relief is stated. Frederick v. Surloff, D.C., 4 F. 2d 589; cf. Gray v. Beck, D.C., 6 F. 595. For other factual instances involving the same principle, see Taylor v. Rasch, 23 Fed.Cas. p. 789, No. 13,801; Morris v. Neumann, 8 Cir., 293 F. 974.

In the instant case, in addition to a money judgment for the fair market value of the merchandise involved, plaintiff trustee seeks to have defendants account for all of the merchandise obtained by them from or through the bankrupt; to have Bertha Collier declared a trustee ex maleficio; to have all of the funds deposited in her name impressed with the trust, and to have her enjoined from withdrawing any funds from the bank accounts involved.

Although a complaint involving solely a claim for money damages might be regarded as stating a legal cause of action alone, a prayer for additional remedies of an equitable nature precludes plaintiff from obtaining a trial by jury as "of right". The theory underlying the cases is that the money recovery thereupon becomes merely incidental to the equitable remedies sought and the doctrine is well establishd that once the jurisdiction of an equity court attaches, it attaches for all purposes and the court will give complete relief including that ordinarily obtainable only in a court of law. In such case, the fact that plaintiff is deprived of a jury trial on the issue of money recovery does not constitute a violation of his constitutional rights under the Seventh Amendment. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352.

With regard to the prayer that defendants be compelled to account for the merchandise obtained by them, if the complaint alleges facts indicating that the issue formerly was one within the exclusive jurisdiction of equity or that it is too complex a question to be tried before a jury, it must be viewed as akin to an equitable bill for an accounting, 3 Moore's Federal Practice, p. 3012, and, under the decisions noted supra, the prayer for money judgment merely would involve incidental relief. Historically, suits for an accounting originated in the old common law action of account-render. The common law action, however, because of the narrowness of its scope and the difficulty of its application, early gave much ground to the more flexible remedy in equity. 2 Pomeroy, Equitable Remedies, (2d Ed.1919) sec. 2353. A common instance of an accounting of a strictly equitable nature is that sought by a cestui que trust from a trustee; and this is so in connection with constructive trusts. See Lile, Bills for Account, 8 Va.L.Rev. 181, 183; Pomeroy, op.cit. supra, Sec. 2358; Rivoli Drug Co. v. Lynch, 9 Cir., 50 F.2d 536, 538. In Buffum v. Barceloux Co., supra, Justice Cardozo applied the doctrine to the case of a fraudulent transferee of shares who had reconveyed to another. The court declared 289 U.S. at page 236, 53 S.Ct. at page 542, 77 L.Ed. 1140, that the fraudulent grantee could be held as a trustee ex maleficio for the value of the shares and reiterated the rule that "The trustee who misapplies the subject-matter of a trust becomes accountable at once for the proceeds or the value". In the instant case, plaintiff also seeks an accounting from allegedly fraudulent transferees and demands expressly that Bertha Collier be declared a trustee ex maleficio. It would appear, therefore, that plaintiff's remedy, in this respect, is one formerly cognizable in equity. This being so, it is unnecessary to decide whether the transactions alleged herein were so complex as to render a trial by jury impracticable, although the observation may be made that an examination of the pleadings and requests for admissions of fact appears to indicate that a trial court would not be in error in so finding.

In addition to an accounting, as indicated previously, plaintiff seeks to have Bertha Collier declared a trustee ex maleficio and to have the court enjoin her from withdrawing any of the funds deposited in her name. These additional prayers for relief strengthen the conclusion already reached that, in its essence, the complaint states a case formerly cognizable in equity and the money judgment demanded can be viewed merely as incidental to the equitable relief sought.

By reason of the foregoing, defendants' motion to strike off plaintiff's demand for a jury trial should be granted and the case assigned for trial by the court.[1]

---

[1] This opinion is concerned only with the right to trial by jury as "of right." Of course, the court, in its discretion, may always try any issue with an advisory jury. Rule 39(c).