## TAYLOR v. McKEEVER.

### No. 1452.

District Court, E. D. New York.

Dec. 17, 1940.

Cook, Nathan, Lehman & Greenman, of New York City (Edgar M. Souza and Ross Kenyon, both of New York City, of counsel), for plaintiff.

Husin & Miller, of New York City (Irvin Husin, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is a motion for an order directing that this action be tried by the Court without a Jury, and that it be removed from the Civil Jury Calendar and placed upon the Civil Non-Jury Calendar pursuant to Rule 39(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the ground that a right of trial by Jury does not exist under the constitution or statutes of the United States in this action.

Rule 39(a), in so far as it is necessary, reads as follows: "(a) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless * * * (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

The action at bar, if it is for an accounting, prior to the Federal Rules of Civil Procedure going into effect, would have been placed on the Equity Calendar, and neither party would have had a right to a trial by jury under the Constitution or statutes of the United States. Williams v. Collier et al., D.C., 32 F.Supp. 321; Bellavance v. Plastic-Craft Novelty Co. et al., D.C., 30 F.Supp. 37.

Issue was joined in this case on November 1st, 1940, and on November 7th, 1940, defendant demanded trial by Jury, and when plaintiff noticed the case for trial for the December Term, it was placed upon the Civil Jury Calendar, hence this motion.

The allegations of the complaint are those which should properly be made in an action for an accounting, and the demand is for an accounting and Judgment for the sum found due.

The defendant, as alleged in the complaint, stood in a fiduciary relationship to the plaintiff; she received stocks and bonds from plaintiff with full authority to sell or purchase as she deemed best for the benefit of the plaintiff, whom she guaranteed against loss.

While plaintiff shows what stock and bonds she delivered to defendant, she cannot determine or allege what defendant sold or purchased, or what became of the stocks and bonds so delivered by plaintiff to defendant, which have not been returned, without an accounting.

The exceptions to the denials in defendant's answer seem to me to be admissions of the existence of the fiduciary relationship.

The affirmative defenses in defendant's answer do not tend to change the nature of the action.

This is an action for an accounting, which has always been cognizable in equity.

I entirely disagree with defendant's contention that this is an action at law for breach of contract, or that if it be not, plaintiff must proceed at law by replevin or for conversion.

The allegations of the complaint present much more than a mere characterization of an action for an accounting, they in fact allege facts sufficient, if sustained on the trial, to entitle the plaintiff to prevail in an action for an accounting, formerly cognizable in equity, and defendant is not

entitled to a jury trial under the Federal Rules of Civil Procedure.

While it is true that under those rules there is but one form of civil action, they did not grant a right of trial by jury in a case where that right did not exist under the Constitution or statutes of the United States when those rules took effect.

The motion is granted.