## FRIEDMAN v. BOYARER et al.

### Civ. No. 2656.

District Court, E. D. New York.
May 28, 1942.

Krause, Hirsch & Levin, of New York City, for plaintiff.

Edward T. Tykets, of Brooklyn, N. Y., for defendants.

MOSCOWITZ, District Judge.

This is a motion made by the plaintiff, as trustee in bankruptcy of the estate of Max Boyarer, bankrupt, for an order vacating and setting aside the demand for a trial by jury filed on behalf of the defendants, and for an order removing this action from the civil jury calendar and placing the same upon the civil non-jury calendar.

There are six causes of action in the complaint; in each the plaintiff seeks to set aside as fraudulent various transfers made by the bankrupt. The claim in the first and second causes of action is that transfers have been made by the bankrupt with intent to hinder, delay and defraud the creditors. The third and fourth causes of action allege that in order to hinder, delay and defraud his creditors, the bankrupt caused all of the capital stock of defendant Municipal Lumber Corporation to be issued to his son without consideration. The fifth and sixth causes of action relate to transfers made by the bankrupt for the purpose of hindering, delaying and defrauding his creditors and these transfers were made without consideration.

The relief demanded in the complaint is as follows:

"1. That the transfer by Max Boyarer to the Municipal Lumber Corp. of the sum of $4587.27 is fraudulent and void as to the plaintiff.

"2. That the plaintiff have judgment against the defendant Municipal Lumber Corp. in the sum of $4587.27, with interest from the 17th day of April, 1939.

"3. That the issuance of all of the outstanding stock of the Municipal Lumber Corp. to Meyer Boyarer is fraudulent and void as to the plaintiff, and that the holding of the said stock in any name other than that of Max Boyarer, the bankrupt, be declared fraudulent and void, in violation of Sec. 70, sub. e of the National Bankruptcy Act of 1898 and amendments thereto [11 U.S.C.A. § 110 sub. e], and Article 10 of the Debtor and Creditor Law of the State of New York [Consol.Laws N.Y. c. 12].

"4. That the defendant Meyer Boyarer be directed to deliver the said shares of stock to the plaintiff herein, and that he be permanently enjoined and restrained from asserting any claim or right thereto or to the benefits thereof, and that he execute any and all instruments necessary to effectuate a transfer of all of the outstanding issued stock of Municipal Lumber Corp. to the plaintiff, or, in the alternative, that the defendant Municipal Lumber Corp. cancel all presently issued and outstanding stock and issue a similar number of shares to the order of the plaintiff.

"5. That the transfer by Max Boyarer to Meyer Boyarer of the sum of $6087.27 is fraudulent and void as to the plaintiff.

"6. That the plaintiff have judgment against the defendant Meyer Boyarer, in the sum of $6087.27, with interest as may be found due in favor of the plaintiff."

Certainly, prior to the adoption of the Federal Rules of Civil Procedure the defendants would not be entitled to a jury trial. The Federal Rules of Civil Procedure have made no change in that respect. The right to a trial by jury is preserved under the Rules 38(a) and (b) and 39(a), 28 U.S.C.A. following section 723c. The right to a trial by jury has not been enlarged by the rules. See Williams v. Collier, D.C., 32 F.Supp. 321; also Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37; Taylor v. McKeever, D.C., 1 F.R.D. 565.

The rules relating to jury trials are aptly described by Mr. Edgar Bronson Tolman, a member of the Advisory Committee ap-

378

pointed by the Supreme Court of the United States, at page 275:

"I pass now to Rule 39, Trial by Jury or by the Court. I will summarize this rule with very brief comment.

"Because these rules provide for a single procedure for cases formerly given the names of law and equity, consistency required that there should be no unnecessary departure from that basic idea. One departure was unavoidable. The Seventh Amendment commanded the maintenance of the right of trial by jury as at common law. That right existed only in actions at law. It did not exist in cases in equity. That is the main particular in the procedure prescribed by these rules, where different methods of procedure are laid down for different kinds of cases. Wherever there was, under the common law or under a statute of the United States an absolute right of trial by jury, and that right has not been waived, the case proceeds before a jury as at common law, but in those cases where equitable relief is sought, and in those cases at law where the right of trial by jury exists but has been waived, the case is tried by the court.

"There have already been a great many questions as to the matter here discussed, for example:

"Before these rules went into effect in the federal court patent lawyers could bring two kinds of action. The usual course was a bill in equity for an injunction to prevent the use of the patented device, and an accounting to determine the extent of the infringement and the amount of damages resulting from the infringement. That of course was a case in equity. A patent lawyer could, however, if he wanted to, merely sue at common law for damages by reason of that wrongful act of the infringer. Now, patent lawyers have been very much concerned because of a fear that this rule has made it possible for a defendant to call for a jury in what was formerly an equity case in which damages are claimed.

"It all depends on how the pleader frames his pleading. If he frames a complaint under the new rules, which would in the old days have been a bill in equity for injunction and accounting, then the right of trial by jury does not exist. If, on the other hand, he frames a pleading that would have been a common law suit for damages for the wrongful act of infringement, then the defendant may call for a jury. This question arises in cases other than patent cases, and the answer is that the issues will be classified just as they were classified before, and after you determine what they would have been in the old days you know whether or not there is the right of trial by jury today."

 In an action to set aside a transfer of property by a bankrupt, a defendant is not entitled to a trial by jury. Motion granted.

Settle order on notice.