WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. RICHMOND SCREW ANCHOR CO., Inc.

Civil Action No. 3364.

District Court, E. D. New York.

Sept. 23, 1943.

Douglas B. Maggs, Sol., and Irving J. Levy, Associate Sol., both of Washington, D. C., and John K. Carroll, Regional Atty., Irving Rozen, Sr. Atty., and Samuel Collins, Asst. Atty., United States Department of Labor, all of New York City, for plaintiff.

E. John Ernst, of New York City, for defendant.

MOSCOWITZ, District Judge.

L. Metcalfe Walling, Administrator of the Wage and Hour Division of the United States Department of Labor, the plaintiff, has made a motion herein to strike the defendant's demand for a trial by jury, indorsed upon the defendant's answer, upon the ground that there are no issues in this action triable of right by a jury under the Constitution or Statutes of the United States.

This action, which is one for an injunction, was brought under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217, to restrain the defendant from violation of Section 15 of the Act, 29 U.S.C.A. § 215. Defendant has demanded a trial by jury of the issues.

The defendant is not entitled in an action of this character to a trial by jury as a matter of right. See Fleming v. Peavy-Wilson Lumber Company, Inc., D.C., 38 F.Supp. 1001; Fleming v. Sandhill Furniture Company, Inc., (D.C.N.D., N.C., Rockingham Div., Feb. 13, 1942).[1]

The Seventh Amendment to the Constitution preserves the right of trial by jury in suits at common law where the value in controversy shall exceed twenty dollars. Equity actions were not affected by the Seventh Amendment.

Prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this action would be designated as an action in equity. Prior to the adoption of the Federal Rules of Civil Procedure the defendant would not be entitled to a jury trial as of right in an action of this character. No changes in that respect have been made by the Federal Rules of Civil Procedure. See Rules 38 and 39. See Friedman v. Boyarer et al., D.C., 2 F.R.D. 376; Taylor v. Mc-Keever, D.C., 1 F.R.D. 565.

The Court, in its discretion, in an action of this character could impanel a jury to inquire into the facts. The determination of the jury would not be binding upon the Court but merely advisory.

The Federal Rules of Civil Procedure abolished the procedural differences between actions at law and actions in equity but not the differences between equitable and legal rights and remedies. The Rules do neither diminish nor enlarge the right of trial by jury.

An action for an injunction brought under the Fair Labor Standards Act does not grant to a defendant as a matter of right a trial by jury.

The defendant's demand for a trial by jury will be dismissed.

Settle order on notice.

---

[1] No opinion for publication.