## OLEARCHICK et al. v. AMERICAN STEEL FOUNDRIES.

## MARTIN et al. v. CARNEGIE–ILLINOIS STEEL CORPORATION.

### Civil Actions Nos. 5884, 5820.

District Court, W. D. Pennsylvania.
July 29, 1947.

A. M. Oliver and Ellis R. Defibaugh, both of Pittsburgh, Pa., for plaintiffs.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa. (John C. Bane, Jr., and John G. Wayman, both of Pittsburgh, Pa., of counsel), for defendants.

WALLACE S. GOURLEY, District Judge.

These cases are similar in nature and raise the same problem, and as a result thereof are considered and determined in one opinion.

Civil Action No. 5884.

This is an action by four (4) of the employees of American Steel Foundries, a corporation, to recover overtime compensation, plus a like amount as liquidated damages and an attorney's fee under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b).

Three (3) of the plaintiffs, Olearchick, Reckhause, and Toth filed their complaint on or about August 15, 1946, alleging that they had been employed in interstate commerce or in the production of goods for commerce by the defendant; that they had worked in excess of the statutory maximum prescribed by the Act; and that they had not been compensated for such excess hours at a rate not less than one and one-half (1½) times their regular rate as required by Section 7 of the Act. The defendant filed its answer which admitted that during some workweeks material to the action, the plaintiffs had been employed by the defendant in work relating to the manufacture of goods for interstate commerce, and that during some of these workweeks the plaintiffs had been employed for hours in excess of the statutory maximum. It denied any liability under the Act, however, by averring that the defendant had paid the plaintiffs all amounts due and owing them, and (as a separate defense) that during any period or periods in which any of the plaintiffs were not paid overtime compensation in accordance with the provisions of Section 7 that such plaintiff was employed in a bona fide executive or administrative capacity within the meaning of Section 13(a) of the Act, and was, therefore, specifically exempt from such overtime requirements.

On or about November 4, 1946, Samuel Marchitello was added as a party plaintiff by Order of Court and with the consent of the defendant. The plaintiffs on or about November 12, 1946, served interrogatories upon the defendant for each of the plaintiffs requiring a detailed statement of facts as contained in the payroll records relating to such plaintiff. These interrogatories were answered in due time. The case was placed on the Jury Trial List for the May Term of 1947, apparently as a matter of course, because the defendant was not notified and had no knowledge that the matter would be placed upon that trial list. Promptly upon notice that the case had been placed upon the Jury Trial List, the defendant presented a motion requesting that the case be removed from the list for the May Term of 1947, specifying in writing the reasons why this should be done.

### Civil Action No. 5820

The facts and questions to be determined by the Court are substantially the same as the facts and questions to be determined in the case of A. Olearchick et al. v. American Steel Foundries, a corporation, Civil Action File No. 5884.

The principal differences between the two cases will be found in the fact that there are two plaintiffs in this case as opposed to four in the other, and that the accounting problem in this case is somewhat complicated by the requirement that a special method of payment of additional compensation for overtime hours must be considered. The two plaintiffs involved in this case may also meet the requirements for exemption as professional employees, and further, did not have the same job throughout the entire period so that it will be necessary at the trial of the case to consider not only the facts with regard to two different plaintiffs, but the facts with regard to the several jobs held by those plaintiffs at different times.

Two questions have been raised by the defendant in each of the proceedings:

1. Under the law, should this case be tried by the Court, or should it be tried by the Court with a jury?

2. Regardless of how the case is to be tried, is it expedient to try at the May Term of Court, 1947?

The second question has now become moot for the reason that each of these cases has been continued by the Court pending disposition of the question raised in the motion to remove the cases from the Jury Trial List for the May Term, 1947.

It is first necessary to consider the existing law as to the right of trial by jury in cases brought under the Fair Labor Standards Act for overtime compensation, liquidated damages, and attorneys' fees. There does not appear to be any existing Act of Congress or is there any provision in the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., its supplements or amendments, which specifically states one way or the other as to whether or not a right to a trial by jury shall exist.

Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows:

"Rule 38. Jury Trial of Right

"(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by the statute of the United States shall be preserved to the parties inviolate.

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

Although Section (b) of Rule 38 provides a time within which demands for a jury trial must be made, said provision of this rule does not enter into the argument since demand for jury trial in each of the cases was timely. The Fair Labor Standards Act under which these suits have been brought does not provide for a trial by jury as a matter of right, nor as hereinbefore mentioned does any other Act of Congress so provide. In order for the plaintiffs to show that they are entitled to a jury trial as a matter of right, they must show that

the right is preserved by the Seventh Amendment to the Constitution. That Amendment provides that "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by the jury shall be otherwise re-examined in any court of the United States, and then according to the rules of the common law."

It is further provided in Rule 39(a) of the Federal Rules of Civil Procedure:

"Rule 39. Trial by Jury or by the Court

"(a) By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or "(2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

It is contended by the defendants that an action brought under the provisions of section 16(b) of the Fair Labor Standards Act is not a common law action, but is a very special and purely statutory right of action given to the employees only under the Act and exercisable only in the manner described by the Act.

It is the contention of the plaintiffs in each action that under the provisions of the Fair Labor Standards Act, the remedy which is invoked is not a public remedy, but is private in nature as it applies to each plaintiff who claims a right to recover for overtime compensation, liquidated damages and attorneys' fees which the defendant in each instance has refused and neglected to pay in accordance with the provisions of existing law. It was set forth by Congress at the time of the enactment of the Fair Labor Standards Act, more particularly the Act of June 25, 1938, c. 676, § 2, 52 Stat. 1060, 29 U.S.C.A. § 202, as follows:

"§ 202. Congressional finding and declaration of policy.

"(a) The Congress finds that the existence, in industries engaged in commerce or in the production of goods for commerce, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce.

"(b) It is declared to be the policy of sections 201-219 of this title, through the exercise by Congress of its power to regulate commerce among the several States, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power. June 25, 1938, c. 676, § 2, 52 Stat. 1060."

It is, therefore, the primary purpose of the Fair Labor Standards Act, through the exercise of legislative power, to prohibit the shipment of goods in interstate commerce if they are produced under sub-standard labor conditions and such prohibition has been held to be an appropriate exercise of the power of congress over interstate commerce. Roland Electric Co. v. Walling, 326 U.S. 657, 66 S.Ct. 413, 90 L.Ed. 383.

The Act was also a design to extend the frontiers of social progress by insuring all able-bodied working men and women a fair day's pay for a fair day's work, or to secure to workers the fruits of their toil and exertion. It was also primarily designed to aid the unprotected, the unorganized, and the lowest paid of the nation's working population, that is, those employees who lack sufficient bargaining power to secure for themselves a minimum subsistence wage. Congress also had in mind the intent to protect said groups of population from substandard wages and the excessive hours which endangered the na-

tional health, well-being and free flow of goods in interstate commerce. Brooklyn Savings Bank v. B. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296; Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, et al., 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014.

▇▇▇ In short, the main purpose of the Act was to maintain a decent standard of living and to establish and gradually raise minimum wages. The provisions for overtime compensation were inserted not to discourage or limit overtime work, but as a part of a plan to raise sub-standard wages by providing a definite pay for overtime work when such work was required. The Act is a "remedial statute" aimed at bettering the status of labor in the interest of humanity and, as such, is entitled to liberal construction. Collins et al. v. Kidd et al., D.C., 38 F.Supp. 634.

In a message to Congress proposing the Fair Labor Standards Act, the President of the United States outlined the purpose of the law "As we move resolutely to extend the frontier of social progress, we must be guided by practical reason and not by barren formula. We must ever bear in mind that our object is to improve and not to impair the standard of living of those now undernourished, poorly clad and ill-housed."

I have been unable to find any decided cases on the point under the Fair Labor Standards Act, and counsel has been unable to draw any similar proceeding to the Court's attention.

The defendant contends that a similar question arose under the National Labor Relations Act in connection with an order reinstating employees and directing the payment of wages for time lost. In the case referred to, the National Labor Relations Board found that the Jones and Laughlin Steel Corporation had violated the National Labor Relations Act of 1935, 29 U.S.C.A. § 151 et seq., by engaging in unfair labor practices affecting commerce. It was contended by the defendant company that since the National Labor Relations Board not only ordered reinstatement of the employees who had been dismissed from their employment, but directed the pay-

ment of wages for the time lost by the discharge, less amounts earned by the employees during that period, that the entry of the order for the payment of wages was equivalent to a money judgment and, as a result thereof, contravened the Seventh Amendment with respect to trial by jury. The Supreme Court held that the Seventh Amendment to the Constitution has no application to cases where recovery in money damages was an incident to equitable relief even though damages might have been recovered in an action at law, or that it does not apply where the proceeding is not in a nature of a suit at common law. It was further held that the contention under the Seventh Amendment was without merit for the reason that the reinstatement of an employee and payment for time lost were requirements imposed for violation of the statute, and are remedies appropriate to its enforcement. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, at page 48, 49, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352.

▇▇▇ The law seems to be definitely settled that in actions filed under section 16(b) of the Fair Labor Standards Act, in which claim for injunctive relief has been asked, that no right to trial by jury exists for the reason the relief claimed is equitable in nature. Fleming v. Peavy-Wilson Lumber Co., D.C., 38 F.Supp. 1001, Walling v. Richmond Screw Anchor Co., D.C., 52 F. Supp. 670; Fleming v. Sand Hill Furnature Co., Inc.[1]

In each of the cases now being considered by the Court there has been no claim for equitable or injunctive relief asked in any respect, and the claim for money damages is, therefore, not incident to equitable relief in any respect. In National Labor Relations Board v. Jones and Laughlin Steel Corp., supra, the decision directed the reinstatement of the employees who had been dismissed since the company had been guilty of discrimination, and said order was in the nature of equitable relief. This is true for the reason that the purpose of the proceeding was to compel the employer to rehire the employees, or have issued a directive in which the defendant company be-

---

[1] No opinion for publication.

came obligated to reinstate the discharged employees. The recovery of the wages lost during said period of discharge was purely incidental to the equitable relief, which in the first instance was demanded. I believe, therefore, that the decision of the Supreme Court of the United States in the proceeding before the National Labor Relations Board is distinguishable from the facts which are presented in the question now before this Court.

Section 7 of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 et seq., 15 note, provides a remedy not dissimilar in nature to that proceeding by Section 16(b) of the Fair Labor Standards Act. There a right of action is given to any person who is injured in his business or property by reason of anything forbidden in the Anti-Trust Laws "And shall recover three fold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee".

A long line of decisions hold that a suit in equity does not lie under this section; that an action thereunder is an action at law as to which the parties are entitled to a jury trial by virtue of the Seventh Amendment to the Constitution. Moore et al. v. Backus et al., 7 Cir., 78 F.2d 571, 101 A.L.R. 379, Certiorari Denied 296 U.S. 640, 56 S.Ct. 173, 80 L.Ed. 455; Hansen Packing Co. v. Swift & Co., D.C., 27 F.Supp. 364; Farmers Co-op. Oil Co. v. Socony-Vacuum Co., Inc., D.C., 43 F.Supp. 735.

It is of the essence, in determining whether or not a jury trial should be granted, to make inquiry as to what the plaintiffs' bill of complaint seeks and whether it is, in its nature, either equitable or legal. This is true for the right to a jury trial would depend upon the facts stated in the complaint. I think a fair examination of the pleadings will disclose that the only relief claimed is for a money judgment, together with liquidated damages and attorneys' fees, as provided by the Act. There is no equitable relief asked for in any way whatsoever.

■ If the issues tendered by the pleadings are purely legal, the parties are entitled to a jury trial as of right under Rule 38(a) and demanded under Rule 38(a)

and (b). Hargrove v. American Cent. Ins. Co., 10 Cir., 125 F.2d 225; Schoenthal v. Irving Trust Co., 287 U.S. 92, 95, 53 S.Ct. 50, 77 L.Ed. 185.

■ Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, abolishes any distinction between law and equity. Conn v. Kohlemann, D.C., 2 F.R.D. 514.

■ The distinction between law and equity, abolished by the new rules, is in procedure and not one between remedies, and a distinction still remains between jury actions and nonjury actions. This remains in the same manner as existed before the adoption of the new rules and what was an action at law before their adoption under the provisions of the Seventh Amendment still remains a jury action. Morre's Federal Practice, Vol. 3, p. 3004, et seq.; Bellavance v. Plastic-Craft Novelty Co. et al., D.C., 30 F.Supp. 37.

■ The right of a jury trial in civil cases at common law is the basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment to the United States Constitution. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute should be jealously guarded by the courts.

■ Thus, to determine the validity of the plaintiffs' demand for a jury trial, inquiry must be made into the status of the case had it arisen when the formal distinctions between an action at law and a suit in equity still existed. It has been often said that the trial by jury is a fundamental guarantee of the rights and liberty of the people, and subsequently every reasonable presumption should be indulged in against its waiver.

■ The guarantee under the Seventh Amendment applies only to suits of such character as may be maintainable under common law at the time the amendment was adopted, and under the Sixth Amendment only those proceedings technically criminal in character. Farmers' Livestock Commission Co. et al. v. United States et al., D.C., 54 F.2d 375, 378; Capital Trac-

tion Co. v. Hof, 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873; United States v. Zucker, 161 U.S. 475, 16 S.Ct. 641, 40 L.Ed 777; Trial by Jury, 45 Yale Law Journal 1022; 20 Texas Law Review, 427.

■ The determination of the mode of trial, whether by jury or otherwise, must be pursuant to and in accordance with established principles of common law, and inquiry must be made into the nature of the cause of action and appropriate remedy as they existed under common law. If the cause of action is legal in nature and formerly remedial in a court of law, the right of trial by jury cannot be denied; but, if the cause of action is equitable in nature and formerly remedial in a court of equity, trial by jury should not be allowed. Berman v. Automobile Insurance Co. of Hartford, Conn., D.C., 2 F.R.D. 94.

■ No problem is presented in assimilating the computation of overtime for employees under contract on a fixed weekly wage whether the wages are fixed on an hourly or weekly wage. Overnight Motor Transportation Co., Inc., v. Missel, 316 U.S. 572, 579, 580, 62 S.Ct. 1216, 86 L.Ed. 1682.

As a result thereof, the mathematical calculations can be had through the means of a pre-trial conference or through invoking other applicable remedies provided by the Federal Rules of Civil Procedure. As a result thereof, no confusion or unnecessary burden would rest on the part of the jury. O'Malley et al. v. Chrysler Corporation, 7 Cir., 160 F.2d 35.

■ The questions for adjudication in an action under the Fair Labor Standards Act are:

a. That each of the plaintiffs was employed by the defendant.

b. That each of the plaintiffs was engaged in the production of goods for commerce.

c. That the labor or services rendered was concerned in the process or occupation necessary to the production of goods for commerce.

d. That each of the plaintiffs has not received compensation for overtime as provided by the Act. Ashenford v. Yukon & Sons, 237 Mo.App. 1241, 172 S.W.2d 881; Burke et al. v. Mesta Machine Co., D.C.W. D.Pa., 5 F.R.D. 134; Warren Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83.

The reference to the court in Section 216 of the Fair Labor Standards Act that "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow reasonable attorney's fees to be paid by the defendant, and costs of the action," I believe includes and means the court and jury, if the case is tried before a jury. Acme Lumber Co., Inc., v. Shaw, 243 Ala. 421, 10 So.2d 285; Ashenford v. Yukon & Sons, 237 Mo.App. 1241, 172 S.W. 2d 881.

■ The Court is, therefore, authorized, after verdict of the jury, to make an order allowing attorneys' fees pursuant to motion therefor and after hearing evidence on such motion. Edwards v. South Side Auto Parts Co., Mo.App., 180 S.W.2d 1015.

These cases disclose nothing more than a money judgment which is sought against each of the defendants based upon the provisions of the Fair Labor Standards Act. No equitable relief is sought. Notwithstanding that its virtue is now hidden behind the camouflage of a "Civil action"; still there it stands in the strength and dignity of pure logic, an action in assumpsit, on contract, at law.

■ Although neither the Fair Labor Standards Act nor any other law of the United States grants a right to a trial by jury, since this is a claim for money damages, I believe that under the provisions of the Seventh Amendment to the Constitution, the right to a trial by jury should not be denied, there being no claim for equitable relief in any respect in this proceeding.

Therefore, the motion to remove the above entitled cases from the jury trial list is refused.