## GUILLOT et al. v. BANCROFT.

(District Court, E. D. Louisiana. December 21, 1926.)

No. 18509.

Copyrights ⬤=69—Right of action for recovery of statutory damages for infringement is at law (Act March 4, 1909, § 25b, as amended by Act Aug. 24, 1912 [Comp. St. § 9546]).

A suit to recover the statutory damages of $1 per copy for infringements of a copyright, as permitted by Act March 4, 1909, § 25b, as amended by Act Aug. 24, 1912 (Comp. St. § 9546), is not cognizable in equity, where no injunction is sought; the cause of action being one at law.

In Equity. Suit by Albert H. Guillot and Louis J. Adam against Cotesworth C. Bancroft. On motion to dismiss bill. Motion granted, with leave to complainants to transfer to law docket.

Puneky & Barrios, of New Orleans, La., for plaintiffs.

W. J. Waguespack, of New Orleans, La., for defendant.

BURNS, District Judge. The plaintiffs in this suit allege an infringement by defendant of their copyright to a map of the city of New Orleans, which they have the exclusive right to make, edit, prepare, and sell. They allege that their copyright is registered under the laws of the United States, with the Register of Copyrights, as No. 50445, class F, which is, and will be, subsisting for 28 years from October 3, 1925; that on March 7, 1926, notwithstanding their copyright, the defendant did unlawfully and illegally cause to be published, in a daily newspaper at New Orleans, the Times-Picayune, a copy of reprint of said map, without their permission or consent, and omitting their name and certain other features therefrom, whereby they were deprived of certain gains and profits, and of their rights under said registered copyright; that there were published 116,000 copies of said daily paper, carrying the said infringement, for which they are entitled to the sum of $1 for each and every copy published, sold, and delivered in the city of New Orleans, in the state of Louisiana, and in adjoining states.

The prayer of the bill is for service of the process of subpœna on the defendant, and "that it may be decreed that defendant pay to the plaintiffs herein $1 for each and every copy of the map which he [the defendant] caused to be published and circulated in the city, issued by the Times-Picayune." This is followed by the further prayer "that it may be decreed to the plaintiffs such damages as may seem meet and proper to the court," and for equitable relief.

The defendant has filed a motion to dismiss, on the ground that the allegations of the bill are "insufficient to constitute a valid cause of action in equity." The motion to dismiss, though somewhat ineptly pleaded, seems justified. The bill alleges a single infringing publication, and prays specifically for a statutory penalty, in the nature of liquidated damages, and therefore the suit properly belongs on the law side of the court. There is no prayer for relief by injunction, probably because the plaintiffs apprehend no repetition of infringing publication. If such equitable relief were prayed for, then, under the general prayer for equitable relief, plaintiffs might have an accounting of profits, or discovery, or possibly other remedies available on the equity side; but they seem to have elected, somewhat ambiguously, to sue for the penalties imposed by section 25 (b) of the Act approved March 4, 1909 (35 Stat. 1075), as amended by the Act approved August 24, 1912 (37 Stat. 488), which reads:

"In the case of any work enumerated in section 5 of this act, except a painting, statue, or sculpture, one dollar for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees." Comp. St. § 9546.

This court has no power, on the equity side, to impose penalties or adjudicate forfeitures, since these are not enforceable in equity. Stevens v. Gladding, 17 How. (U. S.) 447, 453, 15 L. Ed. 155; Callaghan v. Meyers, 128 U. S. 617, 663, 9 S. Ct. 177, 32 L. Ed. 547; Root v. Railroad Co., 105 U. S. 189, 193, 26 L. Ed. 975.

Accordingly, the motion to dismiss is sustained, provided, however, under the authority of section 274a of the Judicial Code (Comp. St. § 1251a) and equity rule 22, that the plaintiffs may, within 10 days from notice hereof, file a supplemental and amended peti-

tion, with suitable allegations of fact and a suitable prayer for a judgment at law, whereupon and on their motion an order may be entered, transferring the cause to the law docket, to be there proceeded with according to law; otherwise, upon default, the bill herein filed to be dismissed on defendant's motion.