## BLACKBURN v. SOUTHERN CALIFORNIA GAS CO. et al.

### No. 277.

District Court, S. D. California, Central Division.

May 1, 1936.

Porter C. Blackburn and Marion P. Betty, both of Los Angeles, Cal., for plaintiff.

Lyon & Lyon, by Frederick S. Lyon, and L. T. Rice, all of Los Angeles, Cal., for defendants.

McCORMICK, District Judge.

The court has announced from the bench its findings and conclusions favorable to defendant on the first cause of action that complainant had failed to establish the legal requirements of a valid copyright to the map of Imperial county, Cal., mentioned in the first cause of action in the amended complaint; and there remain to be decided the issues under the second cause of action in the amended complaint as amended during the hearing on March 5, 1936.

From a close comparison of the defendant company's map, Exhibits 14-B and H, with the plaintiff's copyrighted map, Exhibit 14-A, aided by the evidence, it is my opinion that infringement has been established. This conclusion seems to be justified, notwithstanding the testimony that the witness Coppard did not copy any part of Blackburn's copyrighted map in making the questioned map for the defendant company. It is a long stretch of time since 1927, when defendant's map was prepared by Mr. Coppard, and his memory of where he obtained the material that he put into the map that he then made is naturally indistinct and faulty. He appeared to be frank, and I think truthful, in stating that in many instances of similarity between the two maps he could not now find any material from which he made his drawings of roads and other designated points that appear in the defendant's map in suit. The striking similarities appearing in the two maps, some of which are pointed out by plaintiff's solicitors in the "Points and Authorities" used on the argument, and others which are graphically shown by the enlarged photographic exhibits introduced by the plaintiff in rebuttal evidence, while mute, are potent indicators that Mr. Coppard has forgotten that he used Blackburn's copyrighted map in his work for the defendant in making defendant's map shown by Exhibits H and 14-B. The fact that there was available at the civil engineering department and draftsman's unit thereof in defendant company's plant at least one Blackburn's copyrighted map, coupled with Coppard's admitted inspection of and marking upon such map, I think challenges the accuracy of Mr. Coppard's memory after so many years as to the material used by him in making defendant company's map, especially when viewed in the light of several glaring likenesses in the two maps under consideration. The placing of roads and other physical entities within township and section lines on the defendant's map the same as they appear on the plaintiff's copyrighted map, where no other source of material or information is clearly shown, justifies the inference that plaintiff's map was used, and to some extent copied, by the

draftsman in making the maps of defendant that are typified by Plaintiff's Exhibit 14–B in evidence in this case.

While allowances must be made for the long period of time between 1927, when the questioned map of the defendant company was made, and the taking of evidence in this case after the commencement of this suit on May 31, 1934, as to defendant's ability to produce material other than plaintiff's copyrighted map from whence these similarities came, nevertheless the circumstantial evidence hereinbefore adverted to overcomes and outweighs the testimony of Mr. Coppard, and in my opinion warrants no conclusion but that Mr. Coppard was mistaken in testifying that he did not use plaintiff's copyrighted map in making the defendant company's map that is in question in this case.

The situation presented by this record is not unlike that discussed by the Second Circuit Court of Appeals in the map infringement case of General Drafting Co. v. Andrews, 37 F.(2d) 54; and upon all of the evidence here I find infringement by the defendant company of plaintiff's copyrighted map, Plaintiff's Exhibit 14–A, by its maps typified by plaintiff's Exhibit 14–B. There have been substantial portions of the copyrighted map injuriously appropriated by the defendant.

■ Coming now to consider to what relief plaintiff is entitled in this suit, an unusual situation is disclosed: After Blackburn had knowledge, according to his own evidence, of the use and copying of his protected "Map of Southern California 10 Counties," Plaintiff's Exhibit 14–A, as early as the winter of 1927, he remained dormant, inactive, and dilatory in asserting any right to protect his copyright or redress the infringement thereof by defendant until he filed his complaint in this court on May 31, 1934. This is such a lack of vigilance as deprives Blackburn of the right to wholly prevent the defendant from using in its places of business the maps that it has made from the copyrighted map in issue in this suit, and also to an accounting of profits. This indifference, however, under West Publishing Co. v. Edward Thompson Co. (C.C.A.2), 176 F. 833, does not justify the court in denying to the complainant all relief and any damages whatsoever. This court of equity, having acquired jurisdiction, although the right to the customary injunction and an accounting of profits has been shown by the evidence to be not now available to complainant, may do justice between the parties by a compensatory award. West Publishing Co. v. Edward Thompson Co., supra.

■ The only use that has been made by defendant of the infringing map is in connection with its public utility business. It has not sold any of such maps to the public. The evidence shows that five hundred lithographed copies and twelve blueprints and one or two other infringing maps are made and in use by defendant solely in its business. The complainant testified rather vaguely and indefinitely to having seen two of the maps in public offices in Los Angeles, Cal., but no satisfactory proof has been made of any business injury except by the use of the infringed maps by the defendant company itself in its own business.

Thus the only loss of business that has been satisfactorily shown by plaintiff is that which he might have enjoyed if the defendant company had bought additional copyrighted "Maps of Southern California 10 Counties" from him.

When the entire record in this suit is considered and the provisions of section 25 of the Copyright Act, as amended (17 U.S.C.A. § 25) are applied, I am of the opinion that an allowance of $750 is adequate compensation to plaintiff for the damages that he has sustained by the infringement. While plaintiff's solicitors have devoted considerable time to presenting this case, much of the technical matter and detail was produced by plaintiff himself and by the defendant. Under all the circumstances, a further and additional allowance of $750 is made to the solicitors for complainant for all services performed by them to and including entry of decree herein. If further proceedings are thereafter taken, additional attorneys' fees may be assessed. The court reserves jurisdiction to so award if deemed by it to be proper.

The decree hereby ordered will also enjoin the defendant company from using, except in its utility business, any of the infringing maps in issue under the second cause of action in the amended bill of complaint as amended during the hearing on the merits, and will also restrain the defendant company from selling or distributing any such infringing maps to any person, firm, or corporation that is not a part of its public utility business and actually

engaged with the defendant company in the conduct of its said business.

The complainant will also recover his costs on the said second cause of action. No other costs in this suit are allowed to either party.