## HUTCHINSON AMUSEMENT CO. v. VITAPHONE CORPORATION et al.

### No. 3270.

Circuit Court of Appeals, First Circuit.

Dec. 8, 1937.

Edward C. Park, of Boston, Mass. (Withington, Cross, Proctor & Park, of Boston, Mass., on the brief), for appellant.

Faneuil Adams and Arthur D. Hill, both of Boston, Mass. (Hill, Barlow, Goodale & Wiswall, of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a decree of the District Court of Massachusetts in a bill in equity brought by the plaintiffs under section 25, title 17, U.S.C.A., relating to copyrights.

The ground of the suit is an alleged infringement of eight copyrighted motion picture films or photoplays. The plaintiffs Vitaphone · Corporation and Vitagraph, Inc., are corporations organized under the laws of New York, and located in said state of New York. The Hutchinson Amusement Company is a corporation organized under the laws of the state of Maine and operates a · motion picture theatre, known as the New Portland Theatre, in the city of Portland, Me. The Vitaphone Corporation is engaged in the business of owning, licensing, and distributing motion picture films and was the owner of certain alleged copyrighted motion picture films, which Vitagraph, Inc., had the exclusive right to distribute under license for exhibition purposes.

Vitagraph, Inc., at different times during the year 1935 contracted with the Casco Amusement Corporation, a corporation also conducting a motion picture the-·

atre in Portland, Me., to supply it with eight motion picture films, known in the business as "shorts," for exhibition in its theatre on certain specified dates. Such films are used in motion picture theatres to fill in between so-called feature pictures and to occupy the time so that the feature picture may "come on" according to the program advertised by the theatre.

Managers of theatres, finding that their feature pictures are not of sufficient length to fill up the time according to their advertised schedule, and not having a short film at hand, sometimes request other theatres in their community for a loan of a short film to fill up the time on their program.

It is alleged that the defendant, the Hutchinson Amusement Company, which conducts the New Portland Theatre under the same management as the theatre operated by the Casco Amusement Corporation, "borrowed," as it is termed, said eight copyrighted short films of the Casco Amusement Corporation; and, without any license or authority from either the Vitaphone Corporation or Vitagraph, Inc., exhibited each of said copyrighted motion picture films once on separate days in its New Portland Theatre, thus constituting an infringement of the Vitaphone Corporation's copyright on each of said films, which were duly registered in the Copyright Office at Washington as copyrighted films.

The Distrct Court found that the Casco Amusement Corporation and the E. M. Loew Theatre, Inc., and E. M. Loew, the other defendants named in the bill, were not parties to the unlawful exhibition of the eight copyrighted films and dismissed the bill as to them.

The Hutchinson Amusement Company does not deny the unauthorized exhibition of the eight films, but in its answer sets up the defenses that the films had been returned to Vitagraph, Inc., before the commencement of the plaintiffs' suit and were not available to the defendant for further exhibition in its theatre, and that, therefore, there was no ground for the suit in equity, as injunctive relief was not necessary to protect the plaintiffs' rights, and the plaintiffs had an adequate remedy at law; that the films in question were not the subject of copyright under the statute; and, finally, that the suit was not brought by the plaintiffs, but was brought in the plaintiffs' name by an association known as the Copyright Protective Bureau, the business of which was that of a common barrator, which for its own profit instigates and promotes suits for infringement of copyrights, particularly of motion picture films or photoplays.

While the plaintiffs' bill discloses by its allegations grounds for injunctive relief to prevent future violation of the copyrighted films in question, the District Judge held, after a hearing on the merits, that there was no ground for issuing an injunction to prevent future infringement; since the films had been returned to Vitagraph, Inc., before the suit in equity was commenced, therefore they were not available to the defendant for future exhibition in violation of the copyright law.

■ Although injunctive relief was not warranted on the facts when the bill was brought, the District Court held that its denial did not divest that court of jurisdiction in equity, and the bill was retained for awarding damages, which we think was error. Root v. Railway Co., 105 U.S. 189, 209–211, 212–213, 26 L.Ed. 975; Atlantic Monthly Co. v. Post Pub. Co., D.C., 27 F.2d 556, 559; Guillot et al. v. Bancroft, D.C., 17 F.2d 207; American Falls Milling Co. v. Standard Brokerage & Distributing Co., 10 Cir., 248 F. 487, 488; Lewis Pub. Co. v. Wyman, C.C., 168 F. 756; Van Raalt et al. v. Schneck, C.C., 159 F. 248; Metro-Goldwyn-Mayer Distributing Corp. v. Fisher, D.C., 10 F.Supp. 745.

In view of the above cases there must be a right to equitable relief at the time the suit is brought for an equity court to retain the case and assess damages, and in this case no such right then existed.

■ The opinion of the District Court in Atlantic Monthly Co. v. Post Pub. Co., supra, rather than its ruling in Metro-Goldwyn-Mayer Distributing Corp. v. Bijou Theatre Co., Inc., et al., 50 F.2d 908, correctly states the law. The ruling of the District Judge in the latter case that section 25 of the Copyright Act, as amended, 17 U.S.C.A. § 25, permitted a bill in equity solely for the awarding of damages, was not excepted to, and the ruling was treated as the law of the case in 1 Cir., 59 F.2d 70, and in D.C., 3 F.Supp. 66, 74. The authorities, however, are in accord that in patent and copyright cases, where there is no ground for injunctive relief, the awarding of damages is a question for a court of law.

178

The claim that several infringements of copyrighted films are joined in the bill to prevent a multiplicity of suits is not sufficient grounds for retaining jurisdiction in equity for the assessment of damages. The parties are the same, the same ground for damages exists in case of each infringement, and under section 7, fifth paragraph, of chapter 231, Mass.Gen. Laws (Ter.Ed.), the several claims may be joined in one action at law. Neither is a prayer for discovery sufficient ground for an equity court to retain this case for the assessment of damages, since the evidence discloses but a single exhibition of each of the films "borrowed" and no reason for a discovery is shown, as the exhibition of the films is not denied and, the films having been returned, the damages resulting could not from the evidence exceed the minimum amount recoverable for each infringement under section 25 (b), title 17, U.S.C.A., and an action at law is plainly adequate for the purpose.

Since, upon the evidence, no ground of equity jurisdiction appears, it is unnecessary to consider in these proceedings on the equity side of the court the defenses that the evidence does not show that the plaintiffs' films were the subject of copyright, or that the suits were barratrous in their origin. These defenses will more properly be considered on the law side, if raised by the pleadings, when the case is heard there.

The suit is remanded to the District Court, with instruction to transfer it to the law side under Equity Rule 22, 28 U. S.C.A. following section 723, where such pleadings may be made as are necessary for the determination at law of the damages suffered by the plaintiffs; the appellant recovers costs of appeal.