**LIEBERMAN et al. v. MERKIN et al.**

No. 454.

District Court, E. D. Pennsylvania.

Feb. 6, 1940.

Leonard L. Kalish, of Philadelphia, for plaintiffs.

Harold T. Stowell and William H. Finckel, Jr., both of Washington, D.C., and Bernard Eskin, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

It seems clear that the real objective of the intervener's counterclaim, as well as his motion to strike the plaintiff's demand for jury trial and his opposition to the plaintiff's motion to amend his complaint, is to maneuver the plaintiff out of his right to the jury trial which he has demanded.

I can see no reason at all why the complaint cannot be amended so as to eliminate the payer for relief by way of injunction and profits, nor can I find any authority for the proposition that asking for an injunction as well as damages amounts to a waiver of a request for jury trial. Certainly it is not an irrevocable waiver, and, if it could be held to be a waiver at all, I would permit the plaintiff to reinstate his demand under Rule 6(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

I fully agree with the plaintiff that the whole basis for allowing counterclaims for declaratory judgments in patent cases has been removed by the new Rules, which provide that a plaintiff cannot withdraw his complaint without prejudice, except upon allowance by the Court. Adoption of declaratory judgment procedure is discretionary with the Court, and where there is nothing to be gained by it, and it can determine nothing which cannot be determined in a pending suit it should not be allowed.

The part of the intervener's counterclaim which may have been intended to state a case of unfair competition does not actually do so. All that is averred is that the plaintiffs have charged the intervener with infringement and threatened

to bring suit against him. There is no allegation that the plaintiff is interfering with his customers or business.

■ The allowance of the intervention brings the matter to the point where the rights of all parties can be determined in this suit, and the plaintiff is entitled to have a jury trial if he insists upon it.

The motion to strike the counterclaim is granted.

The motion to amend the complaint is granted.

The motion to strike the demand for jury trial is denied.