**TOWLE v. ROSS et al.**

No. 13.

District Court, D. Oregon.

Feb. 26, 1940.

126

Howard P. Arnest, of Portland, Or., for plaintiff.

J. Mason Dillard, Assistant United States Attorney, and C. Allan Hart, Assistant Counsel, Bonneville Administration, both of Portland, Or., for defendant.

JAMES ALGER FEE, District Judge.

Plaintiff brought suit for injunction against infringement of copyright and for damages against defendants who are employees of the United States and members of the engineering staff of the Bonneville Administration. Prior to the summer of 1938 plaintiff acquired a valid copyright upon a map entitled "Electric Generating Stations and Transmission Lines in the Northwest States", which has technical data thereon and an index. Certain copies of portions of plaintiff's map were found in the drafting room of the Bonneville Administration. He, at the request of some of defendants, talked to them about the sale of copies of the copyright map. Defendants decided not to purchase for the government. Several days later, photographic reproductions of plaintiff's copyright map on a small scale without the index and with some obliteration of the technical data were prepared by the employees of the United States. When plaintiff heard of this he asserted his right and the work stopped and the reproductions were never used. This suit was then brought. The plaintiff claims damages, $450 for eighteen copies of his map made by defendants and $50 for lost sales and $1,000 damage to his business and for $2,500 attorney fees.

This cause was filed under the Rules of Federal Procedure, 28 U.S.C.A. following section 723c. Pre-trial procedure was held. The issues presented for trial by a stipulated order under Rule 16 were:

1. Whether plaintiff has a plain, speedy and adequate remedy at law.

2. Whether plaintiff's copyright was infringed by the acts of the defendants or whether such acts constituted a fair use of such copyright material.

3. What, if any, damages were sustained by plaintiff as a result of the acts of defendants.

"4. Whether at the times and dates alleged in the pleadings herein, the defendants were officers 'of the United States and whether the acts complained of were performed by them in their capacity as such officers.

As far as the first question is concerned, it is entirely immaterial whether the plaintiff would have a good claim at law. It is true that the Federal Rules of Civil Procedure did not originally apply to this case, but by stipulation the federal rules were accepted and pre-trial procedure was held pursuant to Rule 16. Furthermore, the rules were amended June 5, 1939, by the United States Supreme Court, to include cases of copyright infringement, which amendment

became effective September 1, 1939.[1] The case was tried June 30, 1939, and the briefs submitted August 1st for plaintiff, September 21st for defendant and plaintiff's reply brief was filed October 5th.[2] A jury trial was waived by the parties, although no formal waiver appears, by appearing before the court and submitting evidence upon all questions involved. Whether the trial was at law or in equity is thus extremely technical, since the procedure of the new rules was used in all other matters and the judge heard the evidence by consent of all parties. If plaintiff is entitled to legal relief only, the court will allow him damages only.[3] If he is entitled also to injunction, the court is empowered to grant that form of relief, also.

 The making of certain reproductions in part of the copyright map belonging to plaintiff is admitted. This constituted infringement whether defendants acted in good faith and by mistake or by design. There is no question that each had actual notice. There is no fair or non-competing use of copyright material unless[4] by consent. No doubt can be entertained if one views the reproduction that an essential part of the copyrighted material was purloined.[5] The absence of the key makes no difference. Nor does reduction in size so that some of the symbols could be used only with difficulty. The fact that plaintiff was negotiating with defendants for a purchase of the map by the United States at about that time indicates the action was not inadvertent.

 The position of defendants as employees of the United States cannot protect them from the award of damages. The immunity of the sovereign cannot in a republic immunize its agents also. The acts were done for the benefit of the government by the employees thereof. The foundations of arbitrary power would be firmly laid if the agents could violate the rights of a citizen and themselves escape unscathed.

 However, liability for costs and attorney fees is statutory.[6] The copyright law exempts officers[7] of the United States from this liability. The attempt was to prevent those who acted in the interest of the government from paying penalties.[8] Notwithstanding the great labor involved for the attorney and the inconvenience of plaintiff, these defendants were acting in what they believed to be the interest of the United States and, therefore, costs and attorney fees must be denied. The allowance is in any event discretionary with the court,[9]

[1] Amendment of Copyright Rules, 307 U.S. 652, 59 S.Ct. clxxv.

[2] See White v. Reach, D.C., 26 F.Supp. 77.

[3] It has been held under the copyright statute, 17 U.S.C.A. § 25, that damages could be assessed even where an injunction was denied. Metro-Goldwyn-Mayer Distributing Corporation v. Bijou Theatre Co., Inc., D.C., 50 F.2d 908, reversed on other grounds, 1 Cir., 59 F.2d 70; Metro-Goldwyn-Mayer Distributing Corporation v. Bijou Theatre Co. of Holyoke, D.C., 3 F.Supp. 66; Sheldon v. Moredall Realty Corporation, 2 Cir., 95 F.2d 48, 49, 50; contra Hutchinson Amusement Co. v. Vitaphone Corporation, 1 Cir., 93 F.2d 176.

[4] The doctrine of "fair usage" means that the matter which was under copyright was neither copied nor adopted, but that the uncopyrightable underlying idea was used. "A theme or idea is of course not copyrightable." Shipman v. R. K. O. Radio Pictures, Inc., D.C., 20 F.Supp. 249, 250. Again, "fair usage" may apply to works for the advancement of science, where "to a certain extent, by common consent, including the implied consent of the first publisher, others interested in advancing the same art or science may commence where the prior author stopped." Sampson & Murdock Co. v. Seaver-Radford Co., 1 Cir., 140 F. 539, 541.

[5] "It is sufficient if a material and substantial part shall have been copied, even though it be but a small part of the whole." Henry Holt & Co., Inc., v. Liggett & Myers Tobacco Co., D.C., 23 F.Supp. 302, 303, 304.

[6] 17 U.S.C.A. § 40, and notes.

[7] "* * * except when brought by or against the United States or any officer thereof." 17 U.S.C.A. § 40.

[8] Defendants fall within the spirit of the enactment, if they are not "officers." 16 U.S.C.A. § 832i; see United States v. Hartwell, 6 Wall. 385, 73 U.S. 385, 18 L.Ed. 830. If it were not for the use of the term "officers" in the statute relating to the Bonneville Administration, the intention might be doubtful, owing to the decisions. United States v. Germaine, 99 U.S. 508, 25 L.Ed. 482, and Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374, 64 L.Ed. 692. It would be contrary to the intention of Congress here to absolve the higher administrative heads and assess all the costs and attorney fees to the Clerk who did their bidding.

[9] Lindsay & Brewster, Inc., v. Verstein, D.C., 21 F.Supp. 264.

but the allowance would be made if the defendants were acting as individuals. Sound discretion requires a consideration of this feature, even if defendants were technically not "officers" in view of the announced policy of Congress.

The court is of the opinion that no injunction is necessary, except against reproduction of plaintiff's map by defendants personally or through their co-operation. The use by the United States of the maps which are owned by them must be protected. No preliminary injunction was issued. The testimony indicates that none of the defendants has attempted to put the map of plaintiff to use after his preliminary claim of infringement.

The court will, however, proceed to assessment of damages for violation of copyright.

The plaintiff is entitled to some damages on the mere showing of infringing acts. There must have been some actual damage, under the authorities, but this damage is without further proof raised to the statutory amount if the amount cannot be ascertained.[10] The plaintiff has failed to prove any damage to his general business, or any casual connection with the acts of defendants and its diminution. The loss of two sales may have been caused by the infringement.

The amount of damages actually proven is small. Twelve photostatic copies (8"x10") were made, but never used. One negative print was made and used in this process. The original which was in the Bonneville files was used also in this. There were three other maps in possession of the Bonneville Administration. How these maps came into the files is unexplained. There is no showing that any defendant put them there or obtained them for use.

The damages to be assessed are to be fixed by the trial court based upon the record. The amount is discretionary if within the statutory limits.[11] This rule was established in order to give more than nominal damages when the amount was incapable of proof.

Here plaintiff suffered injury and the proof of damages is tenuous. The court cannot find any damage outside of the use of the maps by the defendants. Therefore, the court is required to award only the statutory damage of[12] $250.

If it were in the power of the court the amount of damages would be increased by allowing amounts as costs and attorney fees, but it is apparent from the statute that the allowance should be confined to actual compensatory damages in a stated amount.

Findings and judgment will enter for plaintiff.

---

[10] S. E. Hendricks Co., Inc., v. Thomas Pub. Co., 2 Cir., 242 F. 37; L. A. Westermann Co. v. Dispatch Printing Co., 6 Cir., 233 F. 609.

[11] Douglas v. Cunningham, 294 U.S. 207, 210, 55 S.Ct. 365, 79 L.Ed. 862.

[12] Compare award of $750 where 500 maps were used only in the Public Utility office of defendant. Blackburn v. Southern California Gas Co. et al., D. C., 14 F.Supp. 553. Here there is little use shown and no benefit.