## COMFY MFG. CO. v. DYER–GRUEN–JACKSON, Inc.

### No. 1590.

District Court, E. D. Pennsylvania.

March 11, 1942.

Leonard L. Kalish, of Philadelphia, Pa. (Briesen & Schrenk and Fred A. Klein, all of New York City, of counsel), for plaintiff.

Howson & Howson, of Philadelphia, Pa. (Dexter N. Shaw and Charles H. Howson, Jr., both of Philadelphia, Pa., of counsel), for defendant.

KALODNER, District Judge.

This matter is before me on defendant's motion to strike plaintiff's demand for a jury trial.

The complaint states a cause of action for patent infringement by reason of the manufacture and sale of furniture slip covers by defendant, and sets out a demand for damages for patent infringment in the usual form.

Issue was joined by defendant's answer denying infringement and asserting the invalidity of the patent in suit, whereupon the plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, demanded a jury trial.

Defendant then moved, pursuant to Rule 39(a) of the Federal Rules of Civil Procedure, to strike plaintiff's demand for a jury trial on the ground that the complaint alleges a cause of action in equity and therefore the plaintiff is not entitled to a jury trial as of right.

The contention that the action is equitable in nature is based upon the fact that after asking for "damages sustained" the complaint in conclusion asks "that plaintiff have such other and further relief as the court may deem meet and just". The complaint does not contain a prayer for injunctive relief.

The queston becomes academic as to whether the inclusion in the complaint of the prayer for "such other and further relief * * *" makes the action one in equity, inasmuch as the plaintiff has requested leave of court, under Rule 15(a) of the Federal Rules of Civil Procedure, to amend his complaint so as to omit entirely that portion of it which asks for "such other and further relief * * *."

Judge Kirkpatrick of this District, in Lieberman v. Merkin, 2 F.R.D. 315, opinion filed February 6, 1940, granted the leave to amend sought here, and his decision, with which I am in accord, is dispositive on that point.

Accordingly, leave is granted to the plaintiff to amend the complaint by striking therefrom the following: "(b) That plaintiff have such other and further relief as the court may deem meet and just."

With the striking of that portion of the complaint, it is clear that the com-

294

plaint will disclose an action on the case to recover damages for infringement of the patent under R.S. § 4919, 35 U.S.C.A. § 67; and, as was stated in Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 38: "Such an action, of course, is one at law and would entitle the parties to a jury trial."