**ASSOCIATED MUSIC PUBLISHERS, Inc.,
v. DEBS MEMORIAL RADIO FUND,
Inc., et al.**

District Court, S. D. New York.

July 16, 1942.

Arthur E. Garmaize, of New York City, for plaintiff.

A. Walter Socolow, of New York City, for defendants.

COXE, District Judge.

This is a motion by the plaintiff for summary judgment in its favor.

The suit is for infringement of a copyrighted musical composition entitled "Petite Suite Espanole", a symphonic work in four parts composed by E. F. Arbos, a Spanish conductor and composer.

On October 18, 1940, between 11 and 12 P. M., one of the four parts of the composition, known as "Noche de Arabia", was broadcast over station WEVD, a broadcasting station in New York City owned and operated by the defendant Debs Memorial Fund, Inc. (hereafter referred to as "Debs"). The broadcast was made from a phonograph record manufactured by the Columbia Recording Corporation, and was part of a regular musical program featured by station WEVD, called the "Symphonic Hour", which was without sponsorship or commercial announcement of any kind. The defendant Greenfield is the manager of station WEVD, and had general charge of the broadcasts over the station.

The defendants admit the originality of the composition, the validity of the copyright, and its ownership by the plaintiff. They further admit that on October 18, 1940, "Debs" broadcast over station WEVD a phonograph record containing the third part of the composition, known as "Noche de Arabia"; that the broadcast lasted approximately six minutes; and that "Debs" had no permission or license from the plaintiff to perform the composition by radio broadcasting.

The defendants contend that they have not infringed the copyright for the following reasons, namely, (1) because the broadcast was not a "public performance for profit", 17 U.S.C.A. § 1(e); (2) because it was a fair use of the composition, and (3) because it was made from a phonograph record purchased in the ordinary channels of trade.

"Debs" is a stock corporation organized in New York in 1928 to engage in the business of broadcasting; it has only a nominal amount of common stock outstanding, all held by nominees of the Forward Association, a New York membership corpora-

830

tion engaged in various educational and cultural activities in the United States. The sole business of the corporation consists of the ownership and operation of station WEVD. The by-laws provide that the "corporation shall be conducted as a non-profit sharing corporation and none of the stockholders and directors shall be entitled to share in the profits or surplus of the corporation", and, further, that "all profits and surplus that may arise from the operation of the station shall be used for the purpose of enlarging and extending the facilities of the station and for the improvement of the educational and cultural activities of the station".

Prior to 1931, "Debs" was subsidized by donations solicited from the public, and was operated at a deficit; since 1931, the operations have been financed by advances and donations made by the Forward Association. During this latter period, the Forward Association advanced $325,000, exclusive of a pledge of a donation of $250,-000, of which $100,000 has already been contributed, and the balance of $150,000 is subject to call as and when needed. The opposing affidavits state that "no salaries or other compensation, directly or indirectly, have ever been paid to any of the officers, stockholders or directors" of the corporation.

Station WEVD has been maintained largely as an open public forum for the discussion of political, social and economic questions, as well as for the encouragement of education. There have been well organized educational programs, daily religious services, sermons and lectures by religious leaders, discussions of local governmental problems, and other similar activities. In the discussion of controversial questions, the facilities have been made available to persons of divergent views in order that all sides might be fairly presented.

In the operation of the station some revenue has been derived "from a limited use of its facilities by advertisers". Just what the extent of this "limited use" was in 1940 has not been disclosed, but the opposing affidavits quote from a report of a Federal Communications Commission examiner in 1935, in which it is stated that "approximately 67% of its time is devoted to sustaining programs and 33% to commercial programs". The revenue from these commercial programs is needed to help pay operating costs, yet it appears that there were operating deficits in each of the years 1940 and 1941 of over $40,000.

The principal argument of defendants in support of their contention that the broadcast was not a performance for profit is that "Debs" has always been operated as a non-profit sharing corporation, with no possibility that any of the profits will ultimately accrue to the stockholders, officers or directors. There is no contention, however, that the corporation is a public or charitable institution. It was organized as a stock corporation, and, although the by-laws declare that it "shall be conducted as a non-profit sharing corporation", and that "none of the stockholders and directors shall be entitled to share in the profits or surplus", it is at least doubtful whether it has lost its character as a stock corporation. I do not, however, deem it necessary to decide that point, for regardless whether the corporation in its general structure is a profit sharing corporation or not, I still think that the broadcast was a performance for profit within the meaning of the Copyright Act.

The question then is whether the unlicensed broadcast of a copyrighted musical composition on a sustaining program of a non-profit station, which devotes one-third of its time to commercial broadcasts, is a performance for profit within the meaning of the Copyright Act, 17 U.S.C.A. § 1 (e). It is settled that such a broadcast on a sustaining program of a commercial station is an infringement. M. Witmark & Sons v. L. Bamberger & Co., D.C., 291 F. 776; Jerome H. Remick & Co. v. American Automobile Accessories Co., 6 Cir., 5 F.2d 411, 40 A.L.R. 1511, certiorari denied 269 U.S. 556, 46 S.Ct. 19, 70 L.Ed. 409; Jerome H. Remick & Co. v. General Electric Co., D.C., 16 F.2d 829. Sustaining programs are necessary in the business of broadcasting even though they bring in no direct revenue; they help to build up listener appeal, and in that way provide an inducement to advertisers. I do not think, therefore, that sustaining programs can be separated from the commercial programs in determining whether a broadcast is for profit; they are all part of the general business, and all must be considered in ascertaining the character of the station. In the present case, the station is operated in much the same way as a commercial station, and I can see no good reason why it should be shielded from copyright infringement insofar as performances on sustain-

ing programs are concerned. The commercial broadcasts occupy at least one-third of the station's available time, and this purely commercial business determines the character of the performance on the sustaining programs as being for profit.

The remaining contentions of the defendants require little consideration. It is conceded that in the broadcast, "Debs" reproduced one entire part of the four-part composition. The time consumed was approximately six minutes, or about one-third of the time required for the performance of the whole work. Clearly, this was not a fair use of the composition. See Towle v. Ross, D.C., 32 F.Supp. 125. The contention that "Debs" was free to use the composition because it was taken from a phonograph record is plainly untenable. The Copyright Act affords protection against such a use, and there is nothing in RCA Mfg. Co. v. Whiteman, 2 Cir., 114 F.2d 86, holding to the contrary.

The motion of the plaintiff for summary judgment in its favor is granted.