PALLANT v. SINATRA et al.

District Court, S. D. New York.

Feb. 19, 1945.

294

See also 59 F.Supp. 684.

Gresser & Walker, of New York City, for plaintiff.

Jaffe & Jaffe, of New York City (Mortimer M. Lerner, of New York City, of counsel), for defendant Sinatra.

Spring & Eastman, of New York City, for defendants Cahn, Styne, and Dorsey.

Julian T. Abeles, of New York City (Julian T. Abeles and Leopold Bleich, both of New York City, of counsel), for defendant Robbins Music Corp.

Gordon E. Youngman, of New York City (Cyril S. Landau, of New York City, of counsel), for defendant RKO Radio Pictures, Inc.

Schwartz & Frolich, of New York City, for defendants, Columbia Broadcasting System and National Broadcasting Co.

LEIBELL, District Judge.

The defendants, ten in number, move to strike plaintiff's amended complaint on various grounds, which may be summarized as follows: (1) That the amended complaint was served without prior application to the Court for permission to make service thereof and that at the time of its service plaintiff's time to serve an amended complaint as of course under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, had expired; (2) that the copies of the amended complaint served on the attorneys for the various defendants were not signed by an attorney of record for the plaintiff; (3) that the amended complaint was served for the avowed purpose of converting an equity action into an action at law and thereby obtaining a jury trial, although another Judge of this Court had ruled and entered orders last month, striking the plaintiff's demand for a jury trial as to the third and fourth causes of action of the original complaint, and directing the Calendar Commissioner

of the Court to remove the action from the jury calendar to the non-jury calendar.

This suit was commenced October 18th by the filing of the original complaint with the Clerk of this Court. The gravamen of the first cause of action of both the original and the amended complaint is the alleged infringement of a statutory copyright of plaintiff's musical composition and the misappropriation thereof, while the second cause of action is based on the infringement of plaintiff's common law copyright of part of the lyric and its misappropriation. A third cause of action for breach of a fiduciary relationship was pleaded in the original complaint, but was omitted from the amended complaint. The fourth cause of action of the original complaint is for breach of contract and it is repeated as the third cause of action of the amended complaint. The original complaint contained four main subdivisions, each one entitled a separate cause of action, but not all of the alleged causes of action were asserted against all of the defendants. Further, some of the causes of action, in separate paragraphs thereof, actually pleaded a number of separate and distinct claims of copyright infringement against various defendants.

The first cause of action is pleaded "against all the defendants." It alleges in paragraphs 13th to 17th inclusive that prior to November 26, 1938, the plaintiff had written a musical composition entitled "Clouds" which consisted of several complete numbers of lyrical words set to music, each of which in itself was a complete and separate musical composition and copyrightable as such; that one such musical number was entitled "Come Out, Come Out, Wherever You Are" composed by the plaintiff; that on November 26, 1938, he duly registered the musical composition "Clouds" including its separate component musical composition "Come Out, Come Out, Wherever You Are" under the Copyright Law and received a certificate of registration for his copyrighted musical composition.

Paragraphs 18th, 19th and 20th of the first cause of action of the original complaint are repeated by reference in the second cause of action and are important enough to quote in full—

"Eighteenth: That during the period commencing on or about October 1, 1940 and ending on or about March 31, 1941, the defendant, Tommy Dorsey, a well-known musical entrepreneur and performer of so-called popular music by his band of instrumentalists and vocalists, among whom was included the defendant, Frank Sinatra, conducted a so-called 'New Song Contest' on a so-called 'Fame and Fortune Program', which was broadcast every Thursday night over the N.B.C. Blue Network, at 8:30 P.M., Eastern Standard Time; that the defendant, Frank Sinatra, in addition to being a leading vocal artist in said band, was either a joint venturer with the defendant, Tommy Dorsey, in the financial and business operations of said band, or was employed by the defendant, Tommy Dorsey, and had a financial interest in the success and operations of the said band and in its undertakings, and actively aided, participated and cooperated with the defendant, Tommy Dorsey, in the initiation and operation of said song contest and was familiar with the purpose, terms and conditions of said contest; that the announced purpose of said contest was to encourage creative effort on the part of people to write songs and amateur song writers were invited to submit their unpublished manuscripts to the said Tommy Dorsey, with the assurance that the title, lyrics and music in said manuscripts would be treated in confidence, would be judged impartially, and that each week a winner would be selected whose composition would be performed by the said Tommy Dorsey and his assisting artists, and whose composition would be published under a standard form of contract for the benefit of the contestants.

"Nineteenth: That pursuant to said invitation the plaintiff, an amateur composer and a qualified contestant, submitted several manuscript compositions to the defendant, Tommy Dorsey, including the musical composition entitled 'Come Out, Come Out, Wherever You Are,' consisting of a Verse and Chorus, copy of which is annexed hereto, marked Exhibit I; that only said portion of said Exhibit I as is

marked and follows the word 'Chorus' is copyrighted under the statutes, as aforesaid, and is the subject matter of this first cause of action; that the part of said Exhibit I, marked 'Verse', preceding the 'Chorus', is owned by plaintiff under a common law copyright and is the subject matter of the second cause of action hereinafter alleged.

"Twentieth: Upon information and belief, that the defendant, Tommy Dorsey, with the aid and connivance of the Defendant, Frank Sinatra, and others did not conduct the said contest fairly and impartially and solely for the purpose of utilizing the musical compositions submitted by the contestants for the awarding of prizes and causing the said compositions to be published under a standard form of contract for the benefit of the contestants, but, on the contrary, and in violation of the confidence reposed in him and his assisting artists, including the defendant, Frank Sinatra, used the said contest as a means and device of acquiring a large amount of valuable unpublished musical material which the said defendants appropriated to the use and benefit of themselves and the other defendants."

The 21st paragraph charges that subsequent to the said contest Sinatra and Dorsey conspired with Cahn, Styne, Robbins Music Corporation, T. B. Harms Co. and RKO Radio Pictures Corporation and "procured the said defendants to utilize the plaintiff's unpublished manuscript 'Come Out, Come Out, Wherever You Are' for the purpose of making a copy thereof" and published and performed the same for the benefit of said defendants and others. The allegations of the 21st paragraph in effect charge the seven defendants named therein jointly with having used and published the plaintiff's unpublished manuscript, illegally acquired by Dorsey and Sinatra in the manner described in paragraphs 18th, 19th and 20th. Thus, the complaint down to the 21st paragraph sets forth a separate claim against the seven defendants named in the 21st paragraph.

Paragraph 22nd sets forth a separate claim and charges that certain of the defendants, to wit, Cahn, Styne, Robbins Music Corporation and T. B. Harms Co. in violation of the plaintiff's copyright printed, published and sold a musical composition entitled "Come Out, Come Out, Wherever You Are" which "was copied largely from plaintiff's aforementioned copyrighted composition."

Paragraph 23rd also pleads a separate claim, this time against Sinatra individually, charging him with infringement of plaintiff's copyright in that he publicly performed "the said musical composition, 'Come Out, Come Out, Wherever You Are' for his own profit," the reference being to the infringing musical composition.

The 24th paragraph also pleads a separate claim of copyright infringement and charges defendant, RKO–Radio Pictures Corporation, with having produced and distributed a motion picture entitled "Step Lively" which, through the services of Frank Sinatra and others, included the performance of the aforementioned infringing musical composition.

A further separate and distinct claim of copyright infringement is asserted against two other defendants, National Broadcasting Company and Columbia Broadcasting System, in paragraph 25th of the original complaint, the charge being that the said broadcasting companies gave public performances for profit of the aforesaid infringing musical composition.

And finally in paragraph 26th a further and separate claim of copyright infringement is asserted, this time against Decca Records, Inc. charging that the said corporation printed, distributed and sold phonograph records which were mechanized reproductions of the aforesaid infringing musical composition.

Paragraph 27th of the complaint refers to the fact that plaintiff annexes to the original complaint a copy of his copyrighted musical composition, a copy of the infringing composition, and a comparison of the two.

In the 28th paragraph the plaintiff alleges that the defendants "through said misappropriation and infringement have obtained very substantial profits and bene-

fits" which will require an accounting, and that the defendants threaten and intend to continue the aforesaid acts of infringement, so that plaintiff is entitled to injunctive relief, and that "plaintiff has no adequate remedy at law."

From the above analysis it is apparent that the plaintiff under what he entitled as the first cause of action has in effect pleaded a number of claims against various groups of the defendants. Some of the claims are for copyright infringement, and at least the first claim charges another tort, the unauthorized use and misappropriation of plaintiff's property.

I believe that a proper pleading of these various claims under Rule 10(b), F.R.C.P., would require that the plaintiff set forth each of said claims in a separate count, because a separation of that kind would "[facilitate] the clear presentation of the matters set forth."

In the second cause of action of the original complaint, plaintiff asserts claims against Sinatra, Dorsey, Cahn, Styne, RKO Radio Pictures Corporation and National Broadcasting Co. Inc. No claim is asserted in the second cause of action against T. B. Harms Co., Robbins Music Corporation, Columbia Broadcasting System and Decca Records, Inc., apparently because said defendants were New York corporations and plaintiff is also a resident of the State of New York, and the claims of the second cause of action do not present a Federal question. They are based upon a violation of what plaintiff terms a common law copyright of the verse of his musical composition, as distinguished from the chorus thereof on which he claims a statutory copyright.

In the second cause of action plaintiff repeats the allegations of the 18th, 19th, 20th and 21st paragraphs hereinabove referred to, and then goes on to plead a separate claim against Cahn and Styne, in the 35th paragraph, by charging that they printed, published and sold a musical composition entitled "Come Out, Come Out, Wherever You Are," "which was copied largely from the plaintiff's aforementioned composition subject to his common law copyright."

The 36th paragraph charges a separate infringement of the common law copyright by the defendant Sinatra through the public performance of the aforementioned infringing musical composition.

In the 37th paragraph a claim of infringement of the plaintiff's common law copyright is made against defendants, RKO Radio Pictures Corporation and Sinatra, based on the inclusion of the aforementioned infringing musical composition in the motion picture "Step Lively."

In the 38th paragraph a claim is asserted against National Broadcasting Company and Frank Sinatra charging that they violated the plaintiff's common law copyright through the radio broadcasting of the infringing musical composition.

The 40th and final paragraph of the so-called second cause of action alleges that the defendants (those named in the second cause of action) through the misappropriation and infringement aforesaid obtained large profits which will require an accounting by them, and further that the defendants threaten and intend to continue their violation of plaintiff's copyright which would entitle plaintiff to injunctive relief, and that plaintiff has no adequate remedy at law.

The third cause of action of the original complaint names as defendants Sinatra, Dorsey, Cahn, Styne and RKO Radio Pictures Corporation and alleges that this cause of action is one for damages against the defendants growing out of their breach of a fiduciary relationship of the defendants Sinatra and Dorsey towards the plaintiff, and against the other said defendants for participating in the alleged breach of fiduciary relationship.

This cause of action refers again to the New Song Contest of the so-called Fame and Fortune Program conducted by Dorsey over the N.B.C. broadcasting network between October 1940 and March 1941 and alleges that Sinatra actually aided and cooperated with Dorsey in the initiation, conduct and operation of the song contest; that because of the representations then made and in reliance upon the integrity of the said Dorsey and Sinatra the plaintiff

298

submitted his musical composition entitled "Come Out, Come Out, Wherever You Are"; that the defendants Cahn and Styne copied said plaintiff's unpublished musical manuscript and published the same through T. B. Harms Co. and Robbins Musical Corporation; that the RKO Radio Pictures Corporation later produced and distributed a motion picture "Step Lively" which included the infringing musical composition; and that all of the defendants mentioned in the cause of action knew of the existence of the fiduciary relationship and knowingly participated in the breach of trust.

In the 53rd paragraph plaintiff alleges that by the aforementioned unlawful acts alleged in this third cause of action he has been damaged in the sum of $250,000.

A fourth cause of action is also pleaded in the original complaint, and it names only two defendants, Sinatra and Dorsey. It refers to the song contest, on the Fame and Fortune Program, conducted by Dorsey with the aid of Sinatra over the N.B.C. blue network, and then alleges in paragraph 58th the following:

"Fifty-Eighth: That in connection with said song contest, the plaintiff and the defendants, Tommy Dorsey and Frank Sinatra, entered into an agreement whereby in consideration of the plaintiff submitting an unpublished manuscript of his aforesaid musical composition and authorizing the performance thereof (subject to plaintiff's paramount right and title) by the defendants, the defendants expressly or impliedly agreed to accept said unpublished manuscript in confidence, to perform the same privately and submit the same to selected judges for the awarding of a prize consisting of the publishing of the winning musical composition by a specified publisher under a standard publishing contract on a standard royalty basis in the name of and for the benefit of the plaintiff, if he were the successful contestant, and the said defendants further expressly or impliedly agreed to announce each week on said program, the winning musical composition, to perform it on said weekly program and to transmit the said unpublished manuscript and musical composition to the specified publisher for publication under a standard contract with standard royalties in the name of and for the benefit of any successful contestant, and further agreed that in the event the plaintiff's unpublished manuscript was not awarded a prize, the defendant at all times would respect and recognize the plaintiff's ownership and authorship of said manuscript and musical composition and each and every part thereof, and would do nothing to interfere with or jeopardize the plaintiff's right in the aforesaid title, lyrics, music or manuscript."

The 59th paragraph alleges that plaintiff submitted his musical composition "Come Out, Come Out, Wherever You Are," pursuant to the terms and conditions of the aforesaid agreement and performed the agreement on his part.

The 60th paragraph of the original complaint charges that the defendants Dorsey and Sinatra "neglected, failed and refused to carry out and perform the terms and conditions of said agreement and breached the same." Damages in the sum of $250,000 are claimed under this fourth cause of action.

The prayer for relief at the end of the original complaint prays for a decree—adjudging that the plaintiff's statutory copyright was good and valid and had been infringed by the defendants; enjoining and restraining the defendants from continuing with their acts of infringement; seeking a preliminary injunction and asking for the damages and profits to which the plaintiff may be entitled under the Copyright Statutes "and the principles of equity"; impounding during the pendency of the action the infringing copies, plates, etc.; and directing that defendants pay the costs of the action and reasonable attorney's fees to be allowed to the plaintiff; and for other relief.

The prayer for relief also asks, in respect to the second cause of action, that plaintiff be given similar relief by decree of the court in respect to the infringement of plaintiff's common law copyright.

As to the third and fourth causes of action of the original complaint the plaintiff asks for damages, in each cause, in the sum of $250,000.

There was written on the face of the original complaint the following notice: "Plaintiff demands trial by jury on 3rd and 4th causes of action." Before all of the defendants had answered the original complaint, although some of them had, motions were made by all of them to strike the plaintiff's demand for a jury trial as to the 3rd and 4th causes of action. The matter came on before Judge Goddard and he held, in an opinion dated January 5th, that the first two causes of action concededly were equity actions; that the third cause of action for the breach of an implied trust was also an equity action citing Taylor v. McKeever, D.C., 1 F.R.D. 565 and Beatty v. Guggenheim, 225 N.Y. 380, 122 N.E. 378; and that the fourth cause of action was an incident of the equitable relief asked for in the first three causes of action, and that that would not entitle plaintiff under the circumstances to a common law trial (citing a number of cases including Arnstein v. Twentieth Century Fox Film Corp., D.C., 3 F.R.D. 58 and Williams v. Collier, 32 F.Supp. 321.) Separate orders were submitted by various defendants based upon Judge Goddard's decision of the motions argued before him and they were signed on various dates, to wit, January 15th, 19th and 23rd.

On January 18th and 20th the plaintiff's attorney served upon the various defendants an amended complaint which was thereafter filed in this Court on January 23, 1945. This amended complaint is identical with the original complaint except that (1) the third cause of the original complaint is omitted entirely from the amended complaint; (2) no equitable relief is sought under the first and second causes of action and (3) under the three causes of action pleaded in the amended complaint (the first, second and fourth of the original complaint) the relief sought is a money judgment for the damages sustained by plaintiff as a result of the acts complained of in the said three causes of action. There appears on the face of the amended complaint the following: "Plaintiff demands trial by jury on each cause of action".

At the time the plaintiff served the amended complaint two of the defendants,

Sinatra and Dorsey, had not answered the original complaint, their time to do so having been extended by stipulation to January 22, 1945. Answers to the original complaint had been served on behalf of certain of the defendants on the following dates:

"Defendant RKO RADIO PICTURES, INC., December 1, 1944

Defendants T. B. HARMS CO. & DECCA RECORDS, Inc., December 1, 1944

Defendants NATIONAL BROADCASTING CORP. and COLUMBIA BROADCASTING SYSTEM, INC., December 5, 1944

Defendant ROBBINS MUSIC CORPORATION, December 15, 1944

Defendants CAHN and STYNE, December 15, 1944"

The amended complaint was served upon the attorney for Sinatra, Dorsey, Cahn and Styne on January 18th and on the attorneys for defendants, Columbia Broadcasting System, National Broadcasting Corporation, Robbins Music Corporation, Decca Records, Inc. and RKO Radio Pictures, Inc. on January 20th.

Rule 15(a), R.F.C.P., provides as follows:

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

The amended complaint was served without the plaintiff having first sought leave of the Court to serve the same and without the written consent of any of the defendants. Under the rule above quoted

plaintiff was entitled to serve the amended complaint on the attorney for Sinatra and Dorsey "as a matter of course" and without first seeking "leave of court" to do so. That right cannot be successfully challenged.

The attorneys for the defendants Sinatra and Dorsey have attempted to treat the amended complaint as a nullity on the ground that the copy served was not signed by the attorney of record. Rule 11, F.R. C.P., provides:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. * * *"

■ It appears that the original pleading which was filed with the Clerk of this Court on January 23, 1945, did bear the signature of one of the attorneys of record for plaintiff, and the attorney has made affidavit that he "personally signed the complaint in this action before it was filed and also personally signed the original of the amended complaint before it was served and filed". Under the circumstances the omission of the attorney's signature from the copies served on the defendants' attorneys would not be such a breach of Rule 11 as would require the Court to treat the pleading as "sham and false" and direct that the action proceed as though the pleading had not been served. Service of the amended complaint on the attorneys for Dorsey and Sinatra was properly and timely made, and "as a matter of course" under Rule 15(a).

■ With respect to the defendants who had already answered—a different situation is presented. The first and second causes of action, of both the original and the amended complaint, plead separable and severable claims for copyright infringement against certain of the defendants, other than Sinatra and Dorsey, as I have indicated in the discussion of the original complaint. As to those claims, the plaintiff was not entitled to serve an amended complaint as of right, since those defendants had already answered. In an accounting of profits prayed for in the original complaint, each plaintiff would have to account for its own profits.

■ There were certain claims under the first cause of action that were against a number of the defendants jointly including Sinatra and Dorsey, or against some of the defendants together with Sinatra or Dorsey jointly. As to those claims the question is presented as to whether "a responsive pleading" is served to the complaint if not all of the said defendants have answered. I am of the opinion that where a claim asserted by a plaintiff is against a number of defendants jointly liable for their combined conduct or acts, that to such a claim "a responsive pleading" is not served until all of the defendants have answered the claim, not just some of them. In respect to such claims of joint liability, where either Sinatra or Dorsey was included among the defendants charged with joint liability, the plaintiff, in my opinion, could serve an amended complaint as of right.

We have therefore this situation: That as to the claims asserted solely against Sinatra and Dorsey, or either of them, the plaintiff had the right to serve this amended complaint; (2) as to claims asserted against Sinatra or Dorsey and certain other defendants, where such defendants are claimed to be jointly liable with Sinatra or Dorsey, the amended complaint was also properly served as a matter of right; (3) as to the claims of the original complaint asserted against the defendants other than Sinatra and Dorsey, in which no claim is made against either Sinatra or Dorsey, the service of the amended complaint could not be made as a matter of right and leave of the Court or the written consent of the adverse parties should have been obtained before the amended complaint was served.

■ The plaintiff had the right to inscribe upon his amended complaint a demand for a jury trial. The third cause of action of the amended complaint, which is the same as the fourth cause of action of the original complaint, tenders legal is-

sues, as distinguished from equitable issues and as to that plaintiff is entitled to a jury trial. The reason Judge Goddard ruled against the plaintiff's demand for a jury trial of the issue of that cause of action in the original complaint, was the fact that it was so closely related to the other causes of action pleaded in the original complaint, which tendered equitable issues triable before a Court without a jury. But that situation does not now exist as to any of the causes of action pleaded in the amended complaint, none of which contains a demand for equitable relief.

If the amended complaint had been served as the original complaint, plaintiff could properly have demanded a jury trial of all three causes of action pleaded therein. But the defendants protest that this Court should strike the amended complaint, because it admittedly was served for the purpose of getting a jury trial and thus circumventing the effect of Judge Goddard's decision, which was based on the pleading then before him. While, of course, I am opposed to any evasion of the provisions of an order of the Court, nevertheless if the effect of enforcing the order would be to deprive the plaintiff of a right he has under the rules, such as the right to serve an amended complaint, I do not believe the Judge who made the order would desire any such result.

The defendants moved too fast in seeking to strike the original demand for a trial by jury of the third and fourth causes of action, before all the defendants had answered. If the defendants had waited until all of them had answered and then had made their motions the present complicated situation would not have been presented. They have created it and it is my duty to resolve it as best I can. In approaching a solution I must not overlook the fact that Rule 38(a) provides:

"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

The statute of the United States giving the right of trial by jury is found in Title 28 U.S.C.A. § 770, which provides in part:

"The trial of issues of fact in the district courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury."

The Seventh Amendment of the Constitution provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

Courts may prescribe rules for their own procedure and Rule 38(b) provides that a demand for a jury trial must be served within a specified time or else it will be deemed to have been waived. Rule 38(b) states:

"Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

The defendants have asked me to consider the amended complaint as before the Court on an application by the plaintiff for leave to serve it under Rule 15(a), and argue that I should deny leave because of Judge Goddard's ruling. On the other hand the plaintiff contends that he has properly served the amended complaint as of right under the same rule, and he does not need the Court's permission. The basic difference is that plaintiff wants to try his case to a jury and defendants prefer to have the case tried to the Court without a jury. To unravel this tangled skein of procedural technicalities I have concluded that I should grant permission to the plaintiff to serve the amended complaint as to all defendants under Rule 15(a), and further that under Rule 39(b) I should exercise my discretion to grant a motion for a jury trial of all the issues.

Under Rule 39(b) the exercise of the Court's discretion to order a jury trial of any or all of the issues, where there has been a waiver must await the submission to the Court of a motion seeking that relief. The history of the development of that part of subdivision (b) of Rule 39, as explained in Moore's Federal Practice, Vol. 3, page 3030, shows that it is not intended that the Court exercise such discretion on its own initiative, but only upon the motion of a party. This should not be confused with the right the Court has under subdivision (c) of Rule 39, either upon motion or of its own initiative to "try any issue with an advisory jury."

It is not good "judicial husbandry," as Judge Woolsey of this Court used to say, to have two lawsuits grow where one will suffice. A jury trial of the issues involving claims against Sinatra and Dorsey, and a trial before a judge of the issues of the other claims, would place an unnecessary burden on the litigants, their counsel and the Court. A sensible approach to a judicial determination of all the issues would be to have them all tried by a jury. Gunther v. Gossard, D.C., 27 F.Supp. 995 and Spiro v. Pennsylvania R. Co., D.C., 3 F.R.D. 351, are two cases in which I applied the same reasoning in directing a jury trial of all the issues. Although copyright infringement suits, where the infringed and the infringing works are books or other long literary compositions, should preferably be tried before a Court without a jury, the issue of infringement in the present case is comparatively simple and should not take long to try. It could readily be explained to a jury and intelligently determined by them. It is less involved than some of the legal issues presented in other claims of the amended complaint.

The issue of damages for infringement has been made a jury issue in a number of copyright cases, Atlantic Monthly Co. v. Post Pub. Co., D.C., 27 F.2d 556; Hutchinson Amusement Co. v. Vitaphone Corp., 1 Cir., 93 F.2d 176; Frazier v. New England Newspaper Pub. Co., D.C., 1 F.R.D. 734; and in some patent cases, Bellavance v. Plastic Craft, D.C., 30 F.Supp.

37; Comfy Mfg. Co. v. Dyer-Gruen-Jackson, D.C., 2 F.R.D. 293. For a discussion of the two types of issues, legal and equitable, and how "the issues, not the form of the case" determine the method of trial, see opinion by Judge C. E. Clark in Beaunit Mills v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563.

Plaintiff may therefore serve papers on a cross motion requesting that relief. I shall then deny the defendants' motions and grant the plaintiff's cross motions, at the same time providing that the defendants shall have twenty (20) days within which to answer the amended complaint dating from the day on which the orders to that effect are entered. The order granting a jury trial of all the issues will provide that the case be transferred to the jury calendar of this Court for trial, in due course.

The attorneys for the parties will proceed in accordance with this opinion, unless they decide to submit appropriate orders on stipulation.